## MINISTER OF INTERIOR *vs.* PAPAIKOU SUGAR CO.

### Submission without Action.

### Hearing, June 25, 1890. Decision, July 3, 1890.

### Judd, C.J., McCully, Bickerton, Dole. JJ.

In order to obtain a Royal Patent, granting a fee simple title in a land awarded by the Commission to Quiet Land Titles, the owner must pay to the Government a commutation of its share therein, one-third of the unimproved value of the land at the time the award was made

### Submission of Case without Action, under Section 1140, Civil Code.

The facts agreed upon are:

1st. The Papaikou Sugar Company, a corporation, is the owner of the Ahupuaa of Papaikou, on the Island of Hawaii. The said Ahupuaa is that awarded to Aarona Keliiahonui, being Apana 1 of L. C. A. 11,215.

2nd. The boundaries having been settled in accordance with the law, and the Commissioners of Appraisement having appraised the value of said land at two thousand dollars, being the value at the date of the award, said Papaikou Sugar Company made an application for the issuance of a patent. The necessary papers having been found in order, the Minister of the Interior refused to grant the said patent unless the commutation to be paid for said land should be based upon its value at the date of

the application for the issuance of such patent, which proposition the Papaikou Sugar Company refused to entertain, and demands that it be issued upon a commutation based upon the said valuation of $2,000.

### ISSUE IN THE CASE.

It is claimed by the Minister of the Interior that the valuation of the land, for a basis of payment of the commutation due the Government, should be the value of the land at the date of the application for a patent.

It is claimed by the said applicants for patent that the basis of commutation must be that fixed by the commissioners of appraisement, that is, at the date of the award.

### OPINION OF THE COURT, BY JUDD, C.J.

It was the familiar practice of the Land Commission to issue an award for a land by its name. This was authorized by the Act of June 19, 1852. The land was held according to its ancient boundaries until a survey was made and the boundaries established by the Boundary Commissioner. No royal patent could issue from the Land Commission. The award confirmed title to the land. There remained outstanding, however, the interest of the Government therein. To enable the holder of an award for a land to obtain a fee simple title, he must not only have its boundaries settled, but must commute the Government rights therein. Having done this he would be entitled to a royal patent to be issued under the Great Seal of the Kingdom. See Section 43, Civil Code.

Kuleanas or awards to tenants in all the lands of the Kingdom (except as below mentioned) were not subject to government commutation. See Act of 6th August, 1850. Awards for house lots (kuleanas) in Honolulu, Lahaina and Hilo, were subject to a commutation of one-fourth of the unimproved value of the land. Lands of the description of the one at bar—being what is commonly known as an *ahupuaa*—were subject to commutation with the government for one-third of their unimproved value.

The law governing these matters is found in the " Principles adopted by the Board of Commissioners to Quiet Land Titles in their adjudication of claims presented to them," pp. 81 to 94, Vol. 1, Statute of 1846—enacted as law October 26, 1846.

On page 93 it is laid down that " the share of the government, or the body politic, to be commuted for with the Minister of the Interior by any confirmed claimant wishing to obtain a fee simple title (under Chapter 7 of part first of the Act to organize the Executive Departments), this board understands from the evidence adduced before them, to be *one-third part of the value* of the land *without improvements,* which third part of unimproved value, being paid by the confirmed claimant, should extinguish the private rights of the King in the land," etc.

One-third was the " maximum value of the interest retained in all the lands of the Kingdom." *Id.*

Section 10 of the Act creating the Land Commission (p. 109, 1 Vol., Statutes of 1846), authorized " the Minister of the Interior, in concurrence with the Privy Council, and under the sanction of His Majesty, to issue to any lessee or tenant for life of lands so confirmed a patent in fee simple for the same upon payment of a commutation to be agreed upon by His Majesty in Privy Council."

The maximum of one-third being fixed, a lesser rate could be accepted by the Government, and by resolution of the Privy Council, of June 8, 1847, the rate for which building lots could be commuted for was " one-fourth of the present unimproved value." The rate of all other lands remained the same—one-third of the unimproved value. In 1850 many of the chiefs extinguished the Government rights in the lands they retained by surrendering to the Government other lands to which they were entitled. But where this was not done, as in the case of the land of " Papaikou," under consideration, the Government interest of one-third still remained.

At what time should the value of the land be taken as the basis upon which to estimate this one-third of the Government: at the date of the award, as contended for by the defendant, or at the present time, when the appraisement

is made as claimed by the Government. The law is silent upon this question. There is much justice in the claim of the Government that the land has increased in value since the award was made, and the occupier has enjoyed · the use of the Government's share therein without pay during these thirty and over years, and as the occupier has neglected to commute the Government interest when land values were low, the Government should have the benefit of the unearned increase in value.

There is a principle of law which we think should control in this matter. The uniform practice of the Government has been to accept in commutation of its rights in an awarded land one-third of the unimproved value of the land at time the award was made. The principle of law is that "In the construction of a doubtful and ambiguous law, the contemporaneous construction of those who were called upon to act under the law, and were appointed to carry its provisions into effect, is entitled to great respect, and the Court refuses to interfere with such construction after it has been acted upon for a long time." *Bell Telephone vs. Mutual Telephone*, 5 Hawn., 460, and cases there cited. The construction put upon the law by the Executive Department need not be a formal one, but if it has been followed without challenge for a long series of years, it becomes a practical construction. In this case before us, where the statute was silent, and hence doubtful on the point, the public had a right to assume that the rule adopted at the time the Act was put in force would continue to be the principle regulating the commutation.

We also think that this law should be liberally construed in favor of a confirmed claimant, and hold that the value of the land at the time of the award should be the basis of its appraisement for commutation.

*Deputy Attorney-General Creighton,* for plaintiff.

*W. R. Castle,* for defendant.