IN THE MATTER OF THE APPEAL OF THE COUNTY OF HAWAII FROM A RULING OF THE AUDITOR OF THE TERRITORY OF HAWAII.

### No. 1263.

ARGUED MARCH 18, 20, 1920.　　　　　DECIDED MARCH 24, 1920.

### COKE, C. J., AND KEMP, J.

TAXATION—*counties.*

> A county is not entitled to the general property taxes collected upon property situated in said county during a given year even though the taxes collected were levied and assessed for a former year until the Territory has received and retained the full amount which it is authorized to retain under Sec. 1299 R. L. 1915 for the purposes specified in subdivision 5 of Sec. 1236 R. L. 1915 during the year in which the collection is made.

STATUTES—*construction—contemporaneous construction.*

> Contemporary construction and official usage for a long period by persons charged with the administration of the law are among the legitimate aids in the interpretation of statutes.

#### OPINION OF THE JUSTICES.

This is an appeal by the County of Hawaii from a ruling of the auditor of the Territory refusing to issue a warrant in favor of said county for the amount of

certain general property taxes paid into the treasury of the Territory on February 7, 1920, by the assessor of the third taxation division, being the amount of delinquent taxes collected by said assessor upon properties situated in said county. It is made to appear by the affidavit of said assessor, and it is admitted by the auditor, that the treasurer of the Territory received on said date $102,-520.77, general property taxes collected during the month of January, 1920, of which $66,973.14 was taxes levied and assessed for the year 1919 on property in the County of Hawaii, the collection of which had been delayed by litigation until January of this year, and $6697.50 was costs forfeited in said litigation. The remainder of the amount received was current taxes. It is also admitted that out of the general property taxes collected in the County of Hawaii in the year 1919 the Territory has retained the full amount which it was authorized under section 1299 R. L. 1915 to retain during that year for the purposes specified in subdivision 5 of section 1236 R. L. 1915. It is the claim of the county that since the Territory has retained out of collections made in 1919 the full amount which it was authorized to retain for that year's budget, all collections of 1919 taxes, although delayed until the succeeding year, should be remitted to the county treasurer whether the amount which the Territory is authorized to retain for the 1920 budget has yet been collected out of current taxes or not. On the other hand, the auditor's claim is that since the amounts were not collected until 1920 and the collections to date, including both current taxes and delinquencies, are not in excess of the amount retainable during this year in the territorial treasury in a special account under the provisions of section 1299 R. L. 1915 for the purposes specified in subdivision 5 of section 1236 R. L. 1915 as amended by Act 177 S. L. 1919, the county is not entitled to any part thereof.

So much of section 1299 R. L. 1915 as is applicable to the question follows: "Out of the property taxes * * * paid into the territorial treasury from each county or city and county the treasurer shall retain from time to time in a special account sufficient for the purposes specified in subdivision 5 of said section 1236, and shall pay the balance thereof to the treasurer of such county or city and county on the last legal day of each month" etc.  Section 1236 R. L. 1915, as amended, is in part as follows: "The treasurer of the Territory shall similarly prepare and transmit to the assessor of each taxation division, an estimate of the amount, if any, payable to or retainable by the Territory out of the proceeds of this tax (general property tax) during such year in respect of such county or city and county for schools, interest, sinking fund not otherwise provided for on all territorial bonds issued for county or city and county purposes or otherwise and other purposes, including the cost of assessing and collecting taxes in such county or city and county."

The county does not contend that the first collections made in this year on account of the 1920 assessment are not retainable by the Territory up to the amount of the estimated requirements made by the territorial treasurer under subdivision 5 of section 1236.  In fact it is admitted by the county attorney that the Territory has a first lien on the general property tax for the purposes specified in subdivision 5 of section 1236.  It is therefore apparent that the only practical effect our decision can have is to provide either the county or the Territory with ready cash at this time.  In other words, if we determine that the auditor must issue the warrant and the treasurer pay it the County of Hawaii will have the present use of that amount of money at a time of the year when the counties are notoriously short of ready

money, and if we reach the opposite conclusion the territorial special account into which this money would then go will have the benefit thereof at a time when it is also likely to be low.    In the end the result will be the same.    For if the amount is not now retained by the Territory it will be retained out of collections made later in the year, whereas if it is now retained by the Territory the amount which it is authorized to retain during this year will be reduced by that amount.    The solution of the question depends upon the two sections of the statute from which we have quoted.

The county attorney argues that by subdivision 5 of section 1236 the amount which the Territory is entitled to retain out of taxes *levied* for a given year is limited by the estimate which the treasurer makes under said subdivision for that year and since he has already retained out of the collections made in 1919 the full amount of his estimate for that year all amounts coming into the treasury as the result of the collection of delinquencies for that year must be remitted to the county.    If he is correct in this contention then when a remittance is made by an assessor to the territorial treasurer which includes delinquent taxes, becoming delinquent subsequent to July 1, 1911, if the Territory has already retained out of taxes levied for the year in which the delinquency occurred the full amount which it is authorized to retain for that year the auditor must ascertain what amount included in said remittance is for such delinquent taxes and penalties and issue a warrant in favor of the county for the amount thereof.

It is argued by counsel for the auditor that section 1236, and especially subdivision 5 thereof, has no application to the question before us other than to fix the amount which the Territory is to retain out of the general property taxes *collected* during the year for which

the treasurer has made his estimate and since the Territory has not yet retained out of the general property taxes collected in the County of Hawaii in 1920 the amount which it is authorized to retain under the provisions of section 1299 and the amount so authorized to be retained by it is in excess of the amount so far collected from both current taxes and delinquencies for former years it is entitled to retain the full amount claimed by the county.

Prior to July 1, 1911, the money raised by taxation was divided between the Territory and the several counties on a percentage basis, but by virtue of Act 145 S. L. 1911, which took effect July 1, 1911, the provisions which we have quoted became the law. It then became necessary for the various assessors in making remittances to the treasurer to make a report separating their collections so as to inform the auditor and treasurer what amount of each remittance was made up of delinquencies occurring prior to July 1, 1911, in order that the division of such amount might be made between the Territory and the county in which the delinquent tax was collected in accordance with the law prior to that date and the reports to the auditor and treasurer accompanying each remittance for several years following 1911 did separate the collections so as to show the amount of delinquencies occurring prior to July 1, 1911, contained in each remittance. No such separation was made as to delinquencies occurring since July 1, 1911. From the reports now made by the assessor to the auditor and treasurer when a remittance is made it is impossible to ascertain with absolute certainty how much of said remittance is current taxes and how much delinquencies unless it be a delinquency which occurred prior to July 1, 1911. It also appears from the evidence adduced before us that no distinction has ever been made by the auditor between

current taxes and delinquencies occurring since July 1, 1911, it having been the practice since the present law went into effect for the Territory to retain out of the first collections made each year all general property taxes, whether current taxes or delinquencies, until the amount which it is authorized to retain for that year is fully satisfied and to remit to the counties all sums thereafter collected.    It thus appears that the department having the administration of the law under consideration has for a period of about nine years construed it in accordance with the present contention of the auditor.    Since this construction was first placed upon the statute in question the legislature has met several times and no amendment has been effected.    The legislature is presumed to be cognizant of such construction and after long continuance without any legislation evincing its dissent courts will consider themselves warranted in adopting that construction.    Contemporary construction and official usage for a long period by persons charged with the administration of the law are among the legitimate aids in the interpretation of statutes. *Macfarlane* v. *Collector of Customs,* 11 Haw. 166, 171; *Pasquoin* v. *Sanders,* 20 Haw. 352, 354; *Minister of the Interior* v. *Papaikou Sugar Co.,* 8 Haw. 125, 128; *Bell Telephone Co.* v. *Mutual Telephone Co.,* 5 Haw. 456, 460.

We think the meaning of the statute in question is sufficiently doubtful to justify us in resorting to contemporaneous official construction and in accordance with that construction we hold that the auditor was warranted in refusing to issue the warrant demanded and his ruling is therefore sustained.

*W. H. Beers,* County Attorney of Hawaii, for appellant.
*E. C. Peters* for appellee.