————o————

H. B. GRUBBS, *et al.*, Respondents, *vs.* SAMUEL CONES, *et al.*, Appellants.

1. *Mechanic's lien—Time of filing—Clerical error may be corrected, when.*— Although the indorsement made by the clerk upon the written account required by the statute to perfect a mechanic's lien, will be *prima facie* evidence as to the date of filing, it will be nevertheless competent to show that he erred in this respect; and if the fact clearly appear, it is within the province of the court before whom the suit is tried to make the correction.

57 83
98 593

57 83
42a 438

57 83
53 406

57 83
68a 46
68a 419
68a 565

57 83
71a 47

57 83
74a 608

57 83
88a 38

*Appeal from Barton Circuit Court.*

*Morgan Buller & Bray,* for Respondents.

*Walser & Cunningham,* for Appellants.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding to enforce a mechanic's lien on the part of the sub-contractor, against the property on which the work and labor were performed.

Notice of the claim and lien was served upon one of the defendants, who was the owner of the property, on the 16th day of March, 1870, and the account was sworn to and filed on the 26th day of March, 1870; but the clerk by mistake indorsed it as having been filed on the 25th day of March 1870.

When the answers were filed the plaintiff presented to the court a motion to correct the indorsement of the filing on the account, so as to make it read, "filed March 26th, 1870," instead of March 25th, 1870.

This motion was sustained and the correction made by the clerk then in office, who was the successor of the clerk who originally filed the paper.

It is not denied that the correct and true filing was on the 26th day of March, and that the indorsement of another date was erroneous.

But it is contended that the indorsement was a part of the record, and it could not be altered or changed. The date of the filing becomes material, for on it depends the validity of the lien. (Wagn. Stat., 911, § 19.) The indorsement though required to be made by the clerk when he receives a paper, does not constitute the filing of the same.

The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. If the clerk commits a clerical error, or makes a mistake in reference to the time at which he received the paper, that will not make any difference. He may indorse upon it the wrong date, or an impossible date, and still the real date of the filing will be the same.

Whilst the indorsement made by the clerk will be *prima facie* evidence of its truth, still it is competent to show that he erred in the matter of date ; and if that fact clearly appears, it is within the province of the court to make the correction. The rights of an innocent party will not be sacrificed to a mere mistake, committed by a ministerial officer.

Judgment affirmed ; the other judges concur.