ALLEN v. HARNETT, *Appellant.*

Division Two, May 30, 1893.

1. **Widow**: ELECTION IN LIEU OF DOWER: STATUTE.  A widow's declaration, where her husband dies without descendants, to take in lieu of dower the property designated by Revised Statutes 1879, sec. 2190, must, under section 2194, be actually filed in the probate clerk's office within the time prescribed in said section and it is insufficient that she mailed it to the clerk if he did not recieve it.

2. ——: ——: ——. Nor can the widow, after learning of the failure of the declaration to reach the clerk by mail, file, more than a year after the grant of letters of administration, a second declaration reciting the making, mailing and loss of the first.

*Appeal from St. Charles Circuit Court*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Lackland & Wilson* with *D. P. Dyer* for appellants.

(1) The election of the defendant, Mary E. Harnett, was made out and filed in accordance with the provisions of 1 Revised Statutes, 1879, secs. 2190 –2194, and she is entitled to one-half of her deceased husband's estate. 1 Revised Statutes, 1879, secs. 2190 –2194. (2) The law, at the time this election was made, did not require it to be recorded, or any minute or record entry of its filing to be made in the probate court. 1 Revised Statutes, 1879, sec. 2194; *Franklin Co. v. State ex rel.*, 3 So. Rep. (3) The mailing of the declaration of election properly addressed and postage prepaid nine months before the time for filing expired carries the presumption that the election was delivered to the probate judge and filed in due time. *United States v. Babcock*, 3 Dillon's Circuit Court Reports, p. 571; *Commonwealth v. Jeffries*, 7 Allen (Mass.) 563; 16 American and English Encyclopædia Law, p. 825 and authorities cited. (4) A court of equity has authority to grant relief in this case. *Akin v. Kellogg*, 39 Hun (N. Y.) 252; *Smither v. Smither*, 9 Bush (Ky.) 231; *Grider v. Eubanks*, 12 Bush (Ky.) 510. *Zaeget v. Kuester*, 51 Wis. 31; *McDaniel v. Douglass*, 6 Humph. (Tenn.) 220; *Daugherty v. Barnes*, 64 Mo. 164; *United States v. Duncan*, 4 McLean (U. S.) 99 *et seq.*; 2 Story's Eq. [6 Ed.], sec. 1521–1522; *Irvin v. Leyh*, 102 Mo. 211. (5) The plaintiff, James P. Allen, in

purchasing from the collateral heirs of Wm. A. Harnett, deceased, by quitclaim deed, took subject to all the rights and equities in favor of the defendant widow. *Campbell v. Laclede Gas Co.*, 84 Mo. 364; *Stevers v. Horne*, 62 Mo. 475; *Mann v. Best*, 62 Mo. 491; *Ridgeway v. Halliday*, 59 Mo. 444; *Fox v. Hall*, 74 Mo. 316; *Stoffell v. Schroeder*, 62 Mo. 147. The equity in favor of the defendant widow is not one that is subject to the registration act. (6) The plaintiff Allen, and his grantors, all had full knowledge and notice of the widow's election, and he took with full notice of the equities in her favor.

*T. F. McDearmon* and *Theodore Bruere* for respondent.

(1) When an election creates an interest nothing will pass nor vest until an election is actually made, and if no election is made no title will vest or interest arise. *Matney v. Graham*, 50 Mo. 564; *Griffith v. Canning*, 54 Mo. 284; *Wigley v. Beauchamp*, 51 Mo. 547; *Brandford v. Wolf*, 103 Mo. 398, 399; *U. S. v. Grundy*, 3 Cranch 337. (2) The right of election is wholly the result of statutory enactment and the statute must be strictly and substantially complied with. *Kemps v. Holland*, 10 Mo. 255; *Welch v. Anderson*, 28 Mo. 298, 299; *Watson v. Watson*, 28 Mo. 303; *Price v. Woodard*, 43 Mo. 247; *Ewing v. Ewing*, 44 Mo. 24; *Patrick v. Fauke*, 45 Mo. 313; *Buford v. Buford*, 58 Mo. 98; *Gant v. Henly*, 64 Mo. 163; *Daudt v. Music*, 9 Mo. Appeal 173. (3) It has been the practice of the higher courts of this state to construe strictly all purely statutory enactments. *Fulkerson v. Houts*, 55 Mo. 301; *Johnson v. Hodges*, 65 Mo. 590; *Williams v. Williams*, 26 Mo. App. 409; *McGraw v. Foster*, 66 Mo. 30; *Pope v. Thomson*, 66 Mo. 661; *Cunningham v. Wells*, 16 Mo.

App. 78. (4) The instrument of election, in order to comply with the statute, must be delivered to the proper officer and must be received by him to be kept on file. *Johnson v. Hodges,* 65 Mo. 590; *Williams v. Williams,* 26 Mo. App. 409; *Fulkerson v. Houts,* 55 Mo. 301; *Baker v. Henry,* 63 Mo. 517; *State v. Williams,* 68 Mo. 26; *Daudt v. Music,* 9 Mo. App. 173; *Palwick v. White,* 18 Mo. App. 228; *Taylor v. Scott,* 26 Mo. App. 252; *Jones v. Christian,* 24 Mo. App. 540; *Cunningham v. Wells,* 16 Mo. App. 78. (5) The mailing and posting of the declaration of election at the postoffice in Wentzville, Mo., properly addressed and postage prepaid thereon within the time limited in section 2194, of Revised Statutes of 1889, is not a filing within the meaning and contemplation of the said statute. *Hyde v. Goldsby,* 25 Mo. App. 34; *Conway v. Campbell,* 38 Mo. App. 476; Wade on Notices, section 1343; *Rathbun v. Acker,* 18 Barb 393; *McGinnis v. Taylor,* 22 Mo. App. 516; *Ellison v. Lindley,* 33 N. J. Equity Report 258. (6) Equity will not furnish relief in case of the defective execution of a statutory power or dispense with any of the formalities required thereby for its due execution. *Baux v. County of Bates,* 61 Mo. 393; *Moreau v. Detchemendy,* 18 Mo. 531; *Speck v. Wohlien,* 22 Mo. 315; *Russell v. Whitty,* 59 Mo. 199. (7) Where an equitable defense to an action amounts to nothing more than the showing of an incomplete or imperfect execution of a statutory power—there is no ground for the interference of a court of equity. *Hubble v. Vaughan,* 42 Mo. 138; *Johnson v. Houston,* 47 Mo. 230. (8) The failure to file the election in the office of the probate court is an omission so necessarily chargeable to negligence and want of ordinary care and diligence that equity can not furnish any ground for relief. *Reeds v. Hansard,* 37 Mo. 199; *Brown v. Fagan,*

71 Mo. 563; *Weinert v. Trendley*, 39 Mo. App. 337; Freeman on Judgments, secs. 503 and 508.

BURGESS, J.—William A. Harnett, husband of defendant, died in St. Charles county, Missouri, on the seventh day of July, 1887, intestate, without lineal decendants. On the twentieth of July, 1887, letters of administration were granted by the probate court of St. Charles county to the defendant on the estate of her deceased husband.

The husband and wife had lived together as such for a period of nearly fifty years, and during that time had accumulated some property, consisting chiefly of three hundred and sixty acres of land in the immediate vicinity of their residence, and a few lots in the village of Flint Hill, in said county. The lots were of little value, and the three hundred and sixty acres of land constituted the bulk of the estate. There were no debts of any moment against the estate.

At the time of the death of Harnett he had two sisters living, to-wit: Mrs. L. L. Allen, mother of plaintiff, and Mrs. Louisa B. Allen, an aunt of plaintiff. There were also living two children of a deceased brother of Harnett, to-wit: James A. Harnett and Mrs. Ida Monson.

In November, 1887, four months after the death of her husband, the defendant went to the office of Charles J. Walker, Esq. (an attorney-at-law and notary public), in the town of Wentzville, in St. Charles county, and near her place of residence, and caused Walker to prepare in writing a paper for her signature and acknowledgment by which she elected to take, in pursuance of section 2190 of the Revised Statutes, 1879, of Missouri, all of the real and personal estate which came to her husband in right of the marriage, also of the personal property that came to the posses-

sion of her husband with her written assent, remaining undisposed of absolutely, subject to the payment of his debts. This paper was written by Walker, duly signed by the appellant, and duly acknowledged before Walker, notary public. Mr. Walker was the attorney for Mrs. Harnett, and had charge of the business of the estate from the death of her husband. On the day that the paper was written, signed and acknowledged, Mr. Walker placed the same in an envelope and directed it to Judge JOHN T. POWELL (judge and *ex-officio* clerk of the probate court of St. Charles county), St. Charles, Missouri, prepaid the postage thereon and deposited the same in the United States mail at Wentzville, Missouri.

Defendant gave herself no further concern about the matter until more than a year had elapsed from the time of the death of her husband and the date of her letters of administration upon his estate. On or about the fourteenth of September, 1887, she learned that the plaintiff was claiming to have discovered that the paper in which she had made her election could not be found in the office of the judge of probate in St. Charles county, and thereupon she caused to be made out by Walker a paper in words and figures following, to-wit:

"*Know all men by these presents*, that whereas on the ———— day of November, 1887, I, Mary E. Harnett, widow of William A. Harnett, late of St. Charles county, Missouri, deceased (who died leaving no child or other descendants in being capable of inheriting), did elect to take all the real and personal estate which came to the said Wm. A. Harnett, deceased, in right of our marriage, and all of the personal property of the said William A. Harnett, deceased, which came to his possession with my written assent remaining undisposed of, absolutely (not subject

to the payment of his debts), and also on said date did elect to take one-half of the real and personal estate belonging to the said William A. Harnett at the time of his death, absolutely, subject to the payment of his debts, which said election was made under section 2190 of the Revised Statutes of Missouri, and following, and was made in writing, signed and acknowledged by me before Charles J. Walker, a notary public, on said —————— day of November, 1887, and was by him immediately mailed to John T. Powell, probate judge of said county of St. Charles, and whereas, said election never reached the office of said judge and said court, or has been lost or mislaid in said office: Now, I therefore make this instrument as a certificate of my election at said date, and to cure any defects that may arise by the miscarriage or loss of my said election heretofore made. In witness whereof I have hereunto set .my hand and seal this fourteenth day of September, 1888.

"(Signed)                    MARY E. HARNETT."

This paper was duly acknowledged and filed in the office of the probate court.

Soon after this paper was filed the plaintiff, James P. Allen, learned of such filing, and at once began negotiating with the collateral heirs aforesaid of William A. Harnett for their interests in the lands of which said William A. Harnett died seized and possessed. He succeeded in purchasing these several interests with full knowledge of the contents of the paper last referred to. On the twenty-seventh of July, 1889, he commenced suit to have the dower interest of his aunt ·(Mrs. Harnett) admeasured and set off· to her. To this suit Mrs. Harnett made answer, wherein she set out fully the facts as hereinbefore given.

Upon the trial plaintiff testified in his own behalf. His evidence shows that he acquired all the interests in

the land after he knew of the contention and claim of his aunt and after she had filed the paper set forth. The fact of her claim was used by him for the purpose of obtaining the several interests for a small sum of money.

The plaintiff called John T. Powell, the judge, who testified that he had no recollection of ever having received or filed the paper alleged to have been sent to him by mail, and to the best of his knowledge he had never received such paper; that he had searched his office and failed to find any such paper; that his habit about filing election papers was that if they came in vacation, he would file and place them among the "papers;" if in term time he would make a minute of the filing on the record. On cross-examination witness stated that he frequently received papers by mail to file in his office; that he had no recollection of having received the paper, but that it was possible for him to have received it.

The testimony of Charles J. Walker and the testimony of the defendant proves the making, signing, acknowledging and mailing of the paper as alleged in the defendant's answer.

The court gave judgment in favor of plaintiff and, after a motion for a new trial was heard and overruled, the case was brought by appeal to this court.

By section 2190, Revised Statutes, 1879, when the husband shall die without any child or other descendants in being capable of inheriting, his widow shall be entitled, *first*, to the real and personal estate which came to the husband in right of marriage, and to all the personal property of the husband which came to his possession with the written assent of the wife, remaining undisposed of, absolutely, not subject to the payment of the husband's debts; *second*, to one half of the real and personal estate belonging to the husband

at the time of his death, absolutely, subject to the payment of the husband's debts.

Section 2192, Revised Statutes, 1879, provides that when the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower as provided by statute, discharged of debts, or the provisions of section two thousand one hundred and ninety as therein provided.

Section 2194 provides that such election shall be made by declaration, in writing, acknowledged before some officer authorized to take acknowledgment of deeds, and filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted within twelve months after the grant of the same; otherwise, she shall be endowed under the provisions of sections two thousand one hundred and eight-six, two thousand one hundred and eighty-seven, and two thousand one hundred and eighty-eight.

It will be perceived that in order that the widow may be endowed under the provisions of section 2190, Revised Statutes, 1879, *supra*, she must make her election in writing, acknowledged before some officer authorized to take the acknowledgment of deeds, and file the same in the office of the clerk of the court in which the letters testamentary or of administration shall have been granted within twelve months after the granting of the same. This right is purely statutory. It did not exist at common law. Then to entitle the widow to its benefits she must bring herself within its provisions. Equity can afford her no relief. Admitting all the evidence introduced in her behalf to be true, then she did not comply with the statute. That she intended to do so there can be no question. It devolved upon her to see that her election was not only duly and timely executed, but that it was also filed in

the office of the judge of the probate court of St. Charles county within twelve months after the granting of letters of administration on her deceased husband's estate. It will not do to depend upon the mails under such circumstances, and run the risk of papers of so much importance being miscarried and never reaching their destination.

Legal process cannot be served by mail under our laws, nor can an election by a widow, deed, deed of trust, or other instrument of writing the filing of which is required by statute in some particular place or office, so as to impart notice of its contents, be so filed by simply enclosing such instrument in an envelope, prepaying the postage, addressing it to the proper officer, and then depositing it in the postoffice. *Conway v. Campbell*, 38 Mo. App. 473; *Ellison v. Lindsley*, 33 N. J. Eq. 258. If it reaches the office to which it is thus addressed in due time, it, of course, answers every purpose, but it is always sent at the risk of the beneficiary. Such instruments are not filed, however, until deposited in the proper office, and the far-reaching arm of a court of equity, however willing it may be to do so, is not long enough to furnish relief in case of the defective execution of a statutory power or dispense with any of the formalities required thereby for its execution. *Houx v. County of Bates*, 61 Mo. 391; *Moreau v. Detchemendy*, 18 Mo. 522. When the statute specifically prescribes the manner in which a certain thing shall be done, it is strictly construed. *Hyde v. Goldsby*, 25 Mo. App. 29, and authorities cited.

While the evidence shows that the written election was duly and properly executed, deposited in the postoffice, with the postage prepaid, and addressed to the probate judge of St. Charles county, yet he states that it was never received at his office. The defendant also makes the same statement in her election filed in the

proper office of date September 14, 1888. We can but conclude that there was no such filing of the instrument as required by statute, which is, in the opinion of this court, absolutely necessary in order to entitle defendant to the benefit of the provisions of the section of the statute under which she claims. We regret that the law is such as to deprive the defendant in this case of that to which we think by every reason of justice and humanity she is so much entitled, but we must take and construe the law as we find it, and not as we would have it. Judgment affirmed. All concur.