## ABRAM LANDIS v. HUGH B. HAWKINS et al., Appellants.

### Division Two, November 19, 1921.

1. **WIDOW'S ELECTION: Filed Before Letters of Administration.** The right of a childless widow to elect to take a half interest in her deceased husband's property is not suspended until the granting of letters of administration upon his estate, but her election may be filed in the Recorder's office before the issuance of such letters.

2. ———: ———: **Construction.** The statute (Sec. 325, R. S. 1919) requiring the widow's declaration of an election to take an absolute interest in her husband's estate in lieu of common-law dower, to be filed with the clerk of the court in which letters of administration shall have been granted within six months, and in the office of the Recorder of Deeds of the same county within nine months, after the grant of such letters, is to be construed as a Statute of Limitations, and should be liberally construed so as to accomplish its evident purpose.

3. ———: ———: **Erroneous Indorsement.** The widow's declaration to elect to take an absolute interest in her husband's estate in lieu of common-law dower is filed when it is lodged in the office of the clerk of the probate court with the intention that it shall become operative as an election under the statute; and the fact that the clerk, on discovering that it had not been marked filed on that date, indorses on it a wrong filing date, does not preclude her or her subsequent grantee from showing the true date of filing. And the probate judge, on discovering the error in the indorsement, has the right to correct it, by making a proper order, so that it will speak the truth.

Appeal from Monroe Circuit Court.—*Hon. William T. Ragland*, Judge.

AFFIRMED.

*Thomas F. Hurd* and *James P. Boyd* for appellants.

(1) Upon careful reading of the statute it will be seen that there is nowhere any authority given or validity attached to a declaration of an election until after letters testamentary or administration are granted.

In the first clause referring to the time when such elections shall be filed in the office of the clerk of the court in which letters are granted, it is stated in this form, "in which letters testamentary shall have been granted," showing clearly that it was the legislative intent that no such declaration should be filed either in the Recorder's office in the probate court until after the granting of letters of administration. Nowhere is there any indication or intimation that such declaration filed in a recorder's office prior to the granting of letters of administration would meet the requirements under this statute. The statute could well be said to be in derogation of common law, for the reason that it affords an elective right to the widow which enlarges her rights of dower either under the common law or under the statutory law of this State. Such statutes when giving or extending to one a right not known to common law and not known to the dowery right must be strictly construed. Allen v. Harnett, 116 Mo. 286; Welch v. Anderson, 28 Mo. 299; Wash. v. Wash, 189 Mo. 361; Daudt v. Musick, 9 Mo. App. 175. (2) There is no affirmative evidence that the widow ever requested anyone to file the declaration in the probate office; in fact the probate judge received the paper from the Recorder's office and laid it around his office until his attention was called to it by Mr. Fuller a few days prior to the hearing of this case, and it never was, within the meaning of Section 325, filed with the clerk of the probate court for the purpose of being recorded in that office. It certainly could give no notice to anyone of its being filed when no filing mark appeared upon it; it was simply a stray paper, part of the time with the papers, and part of the time not with them.

*W. E. Whitecotton* and *E. T. Fuller* for respondent.

(1) It is conceded that the rights of the widow in cases like the one at bar was based upon Sec. 351, R. S. 1909, and the method of making her election was

prescribed by Sec. 355, Laws 1913. (2) In dealing with the rights of the widow to share in her deceased husband's estate, the courts have uniformly given liberal constructions in her favor. In re Estate of Messersmith, 264 Mo. 610, 619; Keeney v. McVoy, 206 Mo. 42, 55; Chrisman v. Linderman, 202 Mo. 614. (3) The filing of an instrument is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. If the clerk commits a clerical error, or makes a mistake in reference to the time at which he received the paper, that will not make any difference. He may indorse upon it the wrong date, or an impossible date, and still the real date of the filing will be the same. The indorsement, though required to be made by the clerk when he receives a paper, does not constitute the filing of the same. Grubbs v. Cones, 57 Mo. 83; Baker v. Henry, 63 Mo. 519; Railroad v. Turner, 177 Mo. App. 454; Bennett v. Hall, 184 Mo. 420; Dorrance v. Dorrance, 242 Mo. 625, 641; State v. Pieski, 248 Mo. 715, 719. (4) The widow's rights, under Sec. 351, R. S. 1909, vests upon the death of her husband, and her right of election dates from and originates in his death. Section 355 is in a manner a statute of limitation. The granting of letters starts the limitation to running against the right to elect. But the granting of letters is not a condition precedent to the right.


HIGBEE, P. J.—This is an action for partition. The petition, filed October 23, 1918, states in substance that John M. Hawkins died June 17, 1917, intestate and without issue, seized in fee of 41 acres in Monroe County, leaving his widow, Willie A. Hawkins, and seven brothers and sisters surviving him as his only heirs; that the widow, on July 12, 1917, duly executed and filed in the Recorder's office her election to take one-half of all the real and personal estate of her deceased husband, according to the provisions of Section 351, Revised Statutes 1909, and thereafter, on October 8, 1917, she conveyed

all her interest in said real estate to plaintiff; that Henry M. Hawkins, a brother of the deceased, also conveyed his interest in said land to plaintiff; and that by reason of the foregoing plaintiff is entitled to eight-fourteenths of said real estate and the homestead interest of Willie A. Hawkins, and that the defendants, the other brothers and sisters of the deceased, are each entitled to one-fourteenth interest therein; all subject to said homestead.

The answer denies that the widow made a *valid* election to take one-half of the real and personal estate of her deceased husband, and avers that the defendants are each entitled to an undivided one-seventh interest in said land, subject to the homestead of the widow, and that the plaintiff is entitled to a one-seventh interest (being that purchased from Henry M. Hawkins) and that he is the owner of the dower and homestead interest of the widow, but admits all the other averments of the petition. The court found the facts as stated in the petition and rendered an interlocutory judgment for partition and for the sale of the land as prayed in the petition, from which the defendants appealed.

On the trial plaintiff offered in evidence the widow's declaration of election, to which the defendants objected on the ground that it showed on its face that it was executed and filed in the Recorder's office "before any administration opened; shows on its face that it was filed after the administration closed and after the time for filing in the probate court expired." Penn Brace, probate judge, was called by the plaintiff and testified that he wrote the declaration and took Mrs. Hawkins's acknowledgment thereto on July 12, 1917; that letters of administration were issued July 30, 1917, and the declaration was filed in the Recorder's office July 12th, the day it was executed. "It was actually filed in the probate court July 30, 1917, the day that the letters were taken out; the mark was put on the paper the other day. It was last Monday." The declaration was then read in evidence over the defendants' objection.

The declaration was endorsed as filed in the probate court July 30, 1918. Judge Brace, being recalled, testified that Mrs. Hawkins, who was in feeble health, and Mr. Hayden, who was looking after her business in all matters, came to his office July 12, 1917; they estimated the amount of the personal estate of the deceased would not be more than what the law allowed the widow as her absolute property. No administration was contemplated at that time. "I suggested the filing of this election, and it was on that advice that it was filed in the Recorder's office. Judge Hurd was in the office, I think last Saturday, and was looking for this paper, and I had changed the papers when the final settlement was made before distribution and it was in the box where originally kept. I then discovered there was no filing mark on the paper, although it had been lodged in the office at all times during the administration and was before the court and the court had cognizance of it at all times. Mr. Fuller discovered this fact. At his suggestion on last Monday, the court being in session, I made an order on my minutes ordering this to be filed as of July 30, 1917, at which time it was lodged in the court. Mr. Hayden left it with me on July 30, 1917; filed there to go into the record of the court. It was then in my possession officially as probate judge and with the papers on that date."

By Judge Hurd: "Q. Well then, you don't remember whether this was delivered to you before the 30th of July or not? A. It positively was, but not in my official capacity.

"Q. Did you ever have a request from Mrs. Hawkins to file that election in your court? A. I take it that I did. The filing mark 1918 is an error; it should be 1917."

This is a fair summary of all the evidence.

I. Under Section 321, Revised Statutes 1919 (Sec. 351, R. S. 1909, as amended Laws 1913, p. 90), Mr. Hawkins having died without issue, his widow had a vested

right to elect to take one-half of the real and personal estate belonging to her husband at the time of his death, subject to the payment of his debts. Section 325, Revised Statutes 1919, (Sec. 357, R. S. 1909), requires the declaration of election to be filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted within six months after the grant of same; and such declaration shall also be filed in the Recorder's office of the county in which letters testamentary or of administration were granted within nine months after the grant of the same, otherwise the widow shall be endowed under the provisions of the preceding sections of Article 15. It is contended by the appellant that the widow's election is unauthorized and void under the statute, it having been made and filed in the Recorder's office before the granting of letters of administration. In other words, it is contended that the true meaning of the statute is that the right of election is suspended and must wait upon the granting of letters testamentary or of administration, and that the declaration is a nullity if filed before their issue. We cannot agree to this theory. Section 2, Revised Statutes 1919, provides that the probate court may refuse to grant letters of administration on the estates of deceased persons not greater in amount than is allowed by law, as the absolute property of the widower, widow or minor children under the age of eighteen years. At the time Mrs. Hawkins made her election the probate court, having this section in view, did not contemplate the granting of letters. They were issued a few days later at the instance of the brothers and sisters of the deceased.

*Filing Before Letters.*

In many instances the heirs of deceased persons prefer to settle estates without the annoyance and expense of an administration. This they have a perfect right to do. In all such cases, if appellant's contention be right, it would follow that the widow's right of election would be cut off. The statute is remedial and should be liberally construed so as to accomplish its evident purpose. The common sense construction of Section 325 is that it is a statute of limitation. This court has so construed this section of the statute.

In Keeney v. McVoy, 206 Mo. 42, l. c. 60, LAMM, J., said: "These statutes may be said, in a sense, to be statutes of limitation on a widow's right to elect. The limitation begins to run when letters of administration are taken out on her husband's estate, and ends twelve or fifteen months thereafter." At page 55, Judge LAMM also said: "It has been aptly said that the part taken by the widow under her right of election is her 'election dower,' i. e., her dower from choice as distinguished from her dower without choice. [Citing cases.] And, as has been said, we see no reason why the grace and favor of extremely liberal construction, indulged in aid of common law dower, may not be indulged in aid of election dower; nor why an illiberal and sour construction should be invoked to defeat the latter any more than the former. The law favoreth life, liberty and dower. [14 Bac. 345.] And election dower may well repose in the bosom of this friendly maxim."

Appellant's contention is too technical. It would, in many instances, thwart the very purpose of the statute. *Qui haeret in litera, haeret in cortice.*

II. It is also contended that the declaration of election was not filed in the office of the clerk of the probate court within the statutory period. The evidence is clear that it was filed in that office on July 30, 1917, notwithstanding the fact that Judge Brace failed to so indorse it at the time. It was filed when it was lodged in the proper office with the intention that it should become operative as an election under the statute. Nor does

Date of Filing: Erroneous Indorsement.

the fact that Judge Brace thereafter, by mistake, indorsed a wrong date of filing on the paper preclude plaintiff from showing the true date. Judge Brace had the right, when he discovered the error, to correct it so that it would speak the truth. [Grubbs v. Cones, 57 Mo. 83; State v. Pieski, 248 Mo. 715, 719.] The objection to the admission of the declaration in evidence was properly overruled.

No other errors are complained of in appellant's brief. The evidence clearly warranted the learned trial court in finding the issues for the plaintiff. The judgment is affirmed and the cause remanded for further proceedings. All concur.