St. Louis Law. Printing Co., Appellant, v. Bertha S. Aufder-
heide, Respondent.—45 S. W. (2d) 543.

Kansas City Court of Appeals.   January 11, 1932.

*Henry E. Haas* for appellant.

*James Booth* for respondent.

ARNOLD, J.—Plaintiff filed its action in the circuit court seeking to recover judgment against defendant individually in the sum of $253, for abstracts and briefs printed by it, on behalf of relator, in the case of State ex rel. Bertha S. Auderheide, administratrix of the Estate of George F. Aufderheide, relator, v. H. L. Stolte, Judge of the Probate Court of Gasconade County, respondent, decided by this court January 3, 1928, and reported in 1 S. W. (2d) 209.

The petition alleges the work was performed at the request of defendant at the reasonable cost of $253, which defendant promised to pay. An itemized statement is attached to the petition and shows on its face the charge was made to defendant in her representative capacity of administratrix, for briefs printed in a cause in which she appears as relator.

The answer is a general denial and an allegation that the services rendered by plaintiff, as alleged in the petition, were for the estate of George F. Aufderheide, deceased; that plaintiff elected to hold said estate for the services by presenting and having its demand allowed by the probate court of Gasconade County, wherein settlement of the estate was pending.

On January 16, 1930, the cause came on for hearing before the court, a jury being waived. The evidence showed plaintiff printed the abstracts and briefs, as alleged, and that the charge was reasonable. The evidence further showed a statement of charges for the printing was filed in the probate court of Gasconade County, notice having been waived by the administratrix, as a claim against the estate of George F. Aufderheide, deceased, and that it was allowed and placed in class 6. There was evidence that the estate was still open and this claim unpaid; that no objection was made by plaintiff to the allowance of the claim or its class. The evidence further showed the printing was done at the request of Frank J. Quinn, an attorney then representing defendant in her capacity of administratrix of the estate of her deceased husband, and that he assisted in having the claim allowed against the estate.

Defendant's evidence consisted of several exhibits, not set out in the record, but which appear to have related to papers passing between plaintiff and Mr. Quinn. The account which was allowed by the probate court is in the record and charges to Bertha S. Aufderheide, as administratrix of the Estate of George F. Aufderheide, deceased, the sum of $253 for abstracts and briefs printed in the case of State ex rel. Auderheide, administratrix, etc., Relator, v. Stolte, Judge of Probate, Respondent. At the close of plaintiff's case, the defendant asked and the court gave a declaration of law to the effect that plaintiff is not entitled to recover under the pleadings and

the evidence; further declaring that by presenting the account sued on to the probate court, and having the same allowed and classified, plaintiff thereby elected to hold said estate for said bill, and cannot now repudiate that election by holding defendant for said bill, or by splitting its cause of action with reference thereto. The court then found for defendant on the issues.

Two days later, on January 18, 1930, the court adjourned for the term, and on the same day plaintiff's counsel prepared in St. Louis and sent by registered mail to the clerk of the circuit court a motion for a new trial which the clerk received and receipted for on January 20, 1930, but filed as of January 18, 1930. The motion coming on for hearing at the May term, 1930, on ·May 12th, the court ordered that the filing date be corrected to read January 20, 1930, the true date of its reception and filing by the clerk. Thereupon plaintiff filed a motion for entry *nunc pro tunc*, supported by affidavit of its counsel, showing filing of motion for new trial as of January 18, 1930. The defendant filed a motion to strike from the files the motion for new trial on the ground that it was filed out of time, that is, after the court had adjourned for the term at which the judgment was rendered. The trial court heard evidence on these motions to the effect that the motion for a new trial was mailed in St. Louis on January 18, 1930, received by the clerk on January 20, 1930, and by him marked filed as of January 18, 1930. The court denied the motion for a *nunc pro tunc* entry and sustained defendant's motion to strike from the files the motion for a new trial. From these rulings, plaintiff appeals.

Appellant makes seven assignments of error which fall naturally into two groups, (1) that the trial court erred in striking plaintiff's motion for a new trial from the files and (2) that the court erred in its rulings and in finding for defendant. It is argued that ·when plaintiff deposited its motion for a new trial in the United States mails before the adjournment of the January term, 1930, of the circuit court of Gasconade county, properly addressed and with the postage prepaid, this constituted, in legal contemplation, constructive delivery to the clerk of said court; that the Code of Civil Procedure is to be liberally construed in the interest of justice and it is not necessary that a paper sought to be filed should have on it the clerk's filing mark; that the intention to file is the principal thing to be considered. The reasoning of plaintiff on this point is that, since the code requires that "pleadings shall be liberally construed with a view to substantial justice between the parties," and admonishes the court "to distinguish between form and substance," the trial court arbitrarily refused to exercise such discretion in striking from the files plaintiff's motion for a new trial. The liberal

construction which·plaintiff seeks to invoke refers to the pleadings themselves, and not to the date or manner of their filing.

Section 1005, Revised Statutes 1929, provides:

"All motions for new trial and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term."

It has been held in numerous cases that the statutory provision quoted is mandatory, and that it must affirmatively appear from the record that the motion was filed within the statutory time. [City of St. Louis v. Boyce, 130 Mo. 572, 31 S. W. 594.] The trial court rightly exercised its power in directing the clerk to correct the date of filing of plaintiff's motion for new trial, endorsed on the back thereof, as of January 20, 1930, which was the undisputed fact.

Plaintiff also argues that, since the Legislature contemplated giving an aggrieved party four days, meaning four working days and excluding Sundays and holidays, the plaintiff's motion having been mailed on the second day after judgment, and having reached the clerk on the third business day after judgment, was in time. This does not take cognizance of the limitation placed by the Legislature upon the four-day provision that, in any event, the motion shall be made before the end of the term. Plaintiff argues the motion shall be "made" not "filed," and that the motion was "made" on the second day; that it had to be "made" before it could be filed.

"The word "made" is not synonomous with "prepared" in this statute, but with the word "filed." Further, plaintiff contends the act of depositing the motion for a new trial in the mails, properly addressed to the clerk on January 18, 1930, before the court adjourned for the term on that day, was a "delivery" of the motion to the clerk and that the trial court should so have held. Plaintiff cites a number of cases holding, in effect, that the placing of an insurance policy in the mails by the insurance company is a "delivery" of the policy to the insured. This is on the theory that the policy passes out of control of the insurer and into control of the insured, when placed in the mails. But no case is cited which holds the placing of a motion for a new trial in the mails, addressed to the clerk of the court, is a filing of the motion and we have not been able to find any. On the contrary the decisions in this State hold the word "filing" means both a delivery to the court or clerk and acceptance for the purpose intended.

Our Supreme Court has discussed the meaning of the word "file" in State ex inf. Simrall v. Clardy, 267 Mo. 371, l. c. 383, saying:

"The word 'file' is a form of the Latin word which signifies a thread, and is suggestive of the manner in which those papers and documents not considered of sufficient importance to justify spread-

ing upon the record, were strung for preservation. A distinguished author defines the word 'file' as follows: 'To file, and filing, mean the act either of the party in bringing the paper and depositing it with the officer, for keeping, or the act of the officer in folding, indorsing and putting up the paper.' (Abbot's Law Dictionary.) Another distinguished legal lexicographer, Bouvier, under the same title defines it as follows: 'In the sense of a statute requiring the filing of a paper or document it is filed when delivered to and received by the proper officer to be kept on file.' "

In the case of Holman v. City of Macon, 177 S. W. 1078, 1. c. 1080, this court said:

"Defendant, on the last day allowed for such motions (for rehearing) telegraphed it to our clerk, and two days thereafter put it in writing and filed it. While telegrams are frequently used as evidence in appropriate instances, we are not advised of any law authorizing a court record or a pleading by telegraph. It is a step too radical to be taken without the sanction of the Legislature."

Plaintiff also insists the law does not require the clerk to place his file mark on the paper in order for it to be considered filed within the intent of the law, and we concede this to be true, and he would be in position to urge this point if the clerk had received his motion for a new trial on January 18, 1930, and either failed entirely to mark it filed, or erroneously marked it filed as of January 20, 1930. Under those circumstances the court would have been justified in requiring the filing as of the date it was filed, or correcting an incorrect filing date.

In Pullis v. Somerville, 218 Mo. 624, 117 S. W. 736, it is said:

"But when taken before the clerk and left with him it is filed; the endorsement 'filed' by the clerk, is only evidence of the fact. In Grubbs v. Cones, 57 Mo. 83, the court said: 'The filing is the actual delivery of the paper to the clerk, without regard to any action that he may take thereon."

And in Landis v. Hawkins, 290 Mo. 163, 234 S. W. 827, it is held the document in question was filed when it was lodged in the proper office with the intention that it should become operative, and the fact that the probate judge, by mistake, indorsed a wrong date of filing on the paper, did not preclude the plaintiff from showing the true date, and when the judge discovered the mistake, he had the right to correct it.

It is urged by plaintiff that aside from the motion for new trial in this case, the trial court was guilty of errors, apparent on the face of the record, and that this court will examine the record and correct any errors found. The first error charged is that the court erred in rendering a general judgment in favor of defendant. The argument is no evidence was offered by defendant; that the court

sustained a demurrer, dismissed plaintiff's case, and entered judgment for defendant. The record is not in accord with this contention but reveals defendant was called as a witness by plaintiff and that she offered certain exhibits. It appears this was all the evidence defendant had. At the close of the case she offered a declaration of law, the substance of which is set out herein, and, while the record refers to it in one place as a demurrer, it is, in fact, a declaration of the law of the whole case. It also appears from the short transcript of record filed here that the court made a finding of the issues for defendant, and entered a judgment that plaintiff take nothing by its suit and that defendant go hence without day, with her costs. It is true that in one place in the bill of exceptions it is recited that the case is dismissed, but the record does not so state. Had the situation existed as claimed by plaintiff, it would have been his privilege to take an involuntary nonsuit, with leave to move to set the same aside. The fact that plaintiff did not do this but treated the judgment as a decision of the case on its merits by filing a motion for new trial, indicates that all parties at the time understood the court was deciding the case on the merits, and the judgment was so written.

On the pleadings and the record, we hold the trial court did not err in deciding the case for defendant.

The failure of appellant to file its motion for new trial during the term leaves nothing before this court for consideration but the record proper. We note some of plaintiff's charges of error involve matters of record. First, it is contended that the matter set up in defendant's answer to the effect that plaintiff had already had an adjudication of its account by filing and having its claim allowed by the probate court against the estate of George F. Aufderheide, deceased, was not a good defense to said cause of action. It is argued the debt sued on was contracted long after the death of George F. Aufderheide; that *post mortem* debts are not provable against the estate of a decedent unless they are such as are named in the statute; that there is no statute authorizing printing of abstracts and briefs for the estate of a decedent, and therefore the judgment of the probate court admitting plaintiff's claim against said estate was wholly null and void and should be disregarded.

Defendant's position on that question, as stated in her brief, is that the probate court allowance stands unappealed from and unchallenged, has become final, and is not subject to collateral attack. Passing that question, we hold that expenses of the administrator in having printed abstracts and briefs in the prohibition proceeding in this court, were necessary expenses, properly incurred by her in the due and orderly administration of the estate, and were allowable by the probate court as claims against the estate.

Plaintiff apparently confuses this account with claims growing out of contracts or other acts of the deceased. It is not such a claim. As appears from the prohibition preceeding (State ex rel. Aufderheide, Administratrix, etc., relator, v. H. L. Stolte, Probate Judge, respondent, 1 S. W. (2d) 209), when the probate judge sought unlawfully to compel a final settlement and distribution, while litigation was pending, it became the duty of the administratrix to take such legal steps as her counsel advised, to stay the hand of the probate judge pending the time when a legal final settlement and distribution could be made. She applied to this court and was granted a preliminary ruling in prohibition. When the case came on for hearing on the merits, our rule 31 required her to file printed abstracts and briefs as in ordinary appeal cases, on penalty of dismissal of her case in event of failure. The filing of the briefs and abstract was as much an incident to the orderly and regular administration of the estate as the payment of the costs in the probate court. Our ruling in the prohibition case justified her action in thus attempting to protect the interests of the estate, but whether she had been successful or not, she was entitled to have her abstracts and briefs printed, and to have the printing bill allowed as a charge against the estate.

We have examined the numerous cases cited by appellant and find none identical with this. They are either claims by accountants for services in settling a private dispute between the heirs and the administrator; for necessities furnished the widow while in the enjoyment of her life estate, or cases in which it was obvious that the administrator was not in duty bound to contract for services, or secured the benefits thereof individually, rather than in a representative capacity.

A case cited by plaintiff, in re Lutz's Estate, 162 S. W. 679, by this court, holds that claims for attorney's fees are not demands against the estate, within the meaning of the statute relating to demands and filing of same, but are allowable as costs of the administration. The printing of abstracts and briefs falls in the same class. And it is held herein that the plaintiff had a right to present his claim direct to the probate court and have it allowed as a claim against the estate, instead of presenting it to the administrator, securing payment from her and having her make application for its allowance in her annual settlement. [Dooley v. Welch, 172 Mo. App. 528, l. c. 534, 158 S. W. 454.]

The second contention of plaintiff on this point is that the account sued on herein was presented, and was allowed by the probate court more than six years after letters granted, in the face of the statute requiring claims to be presented within one year. What has been said as to the character of this claim disposes of this point; this

was a claim for expenses incurred in the administration of the estate, and allowable as such.

The case of Harrison Machine Works v. Aufderheide, 280 S. W. 711, by this court, is cited. There the claim grew out of contractual relations between the plaintiff and decedent, was not filed within one year after letters granted, and held not allowable. It is observed that this case is not in point.

It is also urged defendant's answer fails to state that in allowing plaintiff's claim, the probate court had jurisdiction over the subject-matter. The answer does not, in so many words, contain the legal conclusion mentioned, but it does state that the demand was presented to and allowed by the probate court of Gasconade county, that being the county in which the estate was pending and being settled by the probate court thereof. This is a good allegation of the substantive facts, and the ultimate fact of jurisdiction is deducible therefrom.

Plaintiff makes the third contention on this part of the answer of defendant, that there is a marked difference between election of remedies and mistake of remedies. Plaintiff is willing to convict itself of having made a mistake of remedies, by filing its claim in the probate court instead of proceeding at first to sue the administrator in her individual capacity, so as to insist now that all of the proceedings in the probate court, toward the allowance of its account, were wholly void and of no effect. We are unable to concur in plaintiff's conviction of itself, but hold that it went to the proper place, in the proper way, to have its claim—on its face against the estate of decedent—allowed as a claim for expenses incurred in the administration thereof. The portion of the answer of which complaint is made contained a valid defense, and the trial court did not err in entertaining it.

Finally it is argued that, having committed error, it was the duty of the trial court to correct the error, under its common law power to grant a new trial which rests in the sound discretion of the court; that, having failed to do so, this court can correct the alleged error. We are precluded by the state of the record from reviewing any errors alleged, except those appearing on the face of the record. We concede the trial court had a common law power to grant a new trial in this case, if it believed it had erred. But that power existed only in term time. When its judgment became final at the end of the term, there being no motion for new trial, and the court adjourned, it was without power thereafter to grant plaintiff a new trial. [Marsala v. Marsala, 288 Mo. 501, 232 S. W. 1048.] Nor can we agree that its action in striking the motion for new trial from the files was equivalent to overruling the motion. The court did not thereby pass upon the motion for new trial, but ruled that it was

not filed within the statutory time. The trial court then had no power to consider the motion.

No other errors are urged and we find none. The judgment is affirmed. All concur.