THE FIRST NATIONAL BANK OF KANSAS CITY, and VALENTINE SCHAAKE, Executors Under the Will of JOHN SCHAAKE, Deceased, and THE FIRST NATIONAL BANK OF KANSAS CITY, as Trustee, Under the Will of JOHN SCHAAKE, Deceased, and VALENTINE SCHAAKE, Plaintiffs-Respondents, v. MATHILDA C. SCHAAKE, of Unsound Mind, Individually, and as Trustee Under the Will of JOHN SCHAAKE, Deceased, MILDRED M. RIORDAN, Guardian and Curator of MATHILDA C. SCHAAKE, of Unsound Mind, MRS. LENA SCHAAKE, Defendants-Respondents, MRS. ELIZABETH PFEIFFER, MRS. KATHARINE EYDT, KONRAD SCHAAKE, MRS. MARIA DIEBEL, and ANDREAS SCHAAKE; and THE UNKNOWN HEIRS, GRANTEES OR SUCCESSORS OF SUCH OF THE LAST NAMED FIVE DEFENDANTS AS MAY BE DECEASED, Defendants-Appellants.—No. 39796.—200 S. W. (2d) 326.

Division Two, March 10. 1947.

*William G. Boatright* for appellants.

*Walter C. Walker* for plaintiffs-respondents.

*F. D. Glore* for defendants-respondents.

TIPTON, J.—The executors and trustees under the Will of John Schaake brought an action in the circuit court of Jackson County, Missouri, to have that court make an election as to whether it would be for the best interest of the testator's insane widow to re-

nounce the provision of his will in regard to property bequeathed her or to take one-half of his estate under the statutes of this state, since neither the testator nor his widow had any children. The trial court determined it was for her best interest to renounce the will and elected for her to take one-half of testator's estate, subject to his debts. The Alien Property Custodian of the United States has duly appealed from this decree on behalf of five brothers and sisters of the testator who are residents of Germany.

John Schaake died testate on September 5, 1943, leaving a widow, Mathilda C. Schaake. She had been adjudged to be a person of unsound mind in March, 1943, and Mildred Riordan was appointed her guardian and curator.

Item Two of his will provides: "I give and bequeath to my beloved wife, Mathilda C. Schaake, all that part of my estate to which she shall be rightly entitled under and by virtue of the laws of descent and distribution of the State of Missouri."

Item Three gave sums of money to various religious and charitable institutions.

Item Four gave various sums to his wife's relatives in the event he survived her.

Item Five of his will devised and bequeathed the residuary estate to his widow, Mathilda C. Schaake, and the First National Bank of Kansas City, Missouri, as trustees for testator's brothers and sisters and their heirs *per stirpes*. Five of his brothers and sisters resided in Germany.

The trial court found that under Item Two of the testator's will the widow would be entitled to only dower in the testator's real estate. (Both appellants and respondents concede that the trial court properly ruled that under the will she was entitled to dower only.) As previously stated, the trial court ruled that the best interest of the widow required that she renounce the provision of the will in her favor, and on her behalf elected to take one-half of the real and personal property owned by the testator at the time of his death, under Sections 325 and 329, R. S. Mo., 1939.

While our jurisdiction is not challenged, yet it is our duty to examine the record to ascertain if we have jurisdiction of this appeal, and from our examination we find we do not.

Appellants state in their brief that we have jurisdiction of this appeal because title to real estate is involved. They cite our case of Ferguson v. Long, 341 Mo. 182, 107 S. W. 2d 7. In that case the plaintiff claimed to be the owner of an undivided one-half interest in 254 acres of land in Barry County, and brought an action for partition. Her claim of title was based upon the fact that her husband died intestate, without children or other descendants capable of inheriting. Section 325, R. S. Mo., 1929 (Mo. St. Ann., Sec. 325, p. 212). He left

surviving him the plaintiff, his widow, and W. C. Ferguson, J. E. Ferguson, brothers, and Susan E. Antle, a sister. Partition was denied the plaintiff for the reason that her election to take one-half interest in the real estate of her husband in lieu of dower was void because it was not filed in the recorder's office within twelve months after the first publication of the notice granting letters testamentary. We held in that case that title to real estate was involved, thereby giving this court jurisdiction. That holding was correct for the reason that plaintiff claimed to own an undivided one-half of her deceased husband's real estate, while the defendants denied this fact.

In the case at bar title to real estate is not directly involved. The question involved in this appeal is whether the insane widow of the testator, Mathilda C. Schaake, has the right to have a court of equity renounce the provision of her deceased husband's will and elect to take one-half of her husband's estate under the statutes of this state. Under authority of the case In re Ellis' Estate, 127 S. W. 2d 441, we do not have jurisdiction of this appeal.

In that case, the guardian of the testator's insane widow brought an action for direction as to whether to elect to take under the will or to take a child's portion. We held that the action did not involve title to real estate so as to give this court jurisdiction of the appeal, notwithstanding the fact that a direction to elect to take a child's part would cause one-fourth interest in the testator's lands to pass to the widow at the expense of testator's principal beneficiary. That case followed the case of Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. 2d 771, wherein this court en banc held that in order for title to real estate to be involved in a constitutional sense, the judgment sought or rendered must directly affect or operate upon the title. That is to say, title must be in issue, and it is not enough that the judgment, when carried ▇▇▇ into execution, will affect the title to land. The title must be involved in the suit itself and be a matter about which there is a contest. Indeed, the rule goes further. Title must not only be in issue; it must be in issue directly, as distinguished from collaterally or incidentally. The judgment must adjudicate a title controversy.

In the case at bar, title is incidentally or collaterally involved, but the issue on the merits is the advisability of an election to take one-half of the testator's estate, subject to his debts.

We also held in the Ellis case, supra, that there was "no affirmative showing of record as to the value of testator's estate after the payment of allowed and unallowed, if any, demands and expenses of administration incurred and to be incurred, etc., removing the 'amount in dispute' herein from the realm of conjecture and speculation. This is one reason, under Nies v. Stone, Mo. Sup., 108 S. W. 2d 349 (4) and cases there cited, for our not assuming jurisdiction on the ground the amount in dispute might exceed $7,500. Cf. Hanssen v.

Karbe, Mo. Sup., 106 S. W. 2d 415 (2)." Loc. cit. 442. This is also true in the case at bar. This record fails to affirmatively show that there is $7,500 in dispute.

It follows that this cause should be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.