# IN THE MATTER OF THE APPEAL OF JAMES A. THOMPSON, CLERK OF THE SUPREME COURT OF THE TERRITORY OF HAWAII, FROM A DECISION OF THOMAS TREADWAY, AUDITOR OF THE TERRITORY.

## No. 1489.

SUBMITTED JUNE 12, 1923.                    DECIDED JUNE 25, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE BANKS
IN PLACE OF PETERS, C. J., DISQUALIFIED.

CONTRACTS—*in name of Territory.*

A contract with a publisher for publishing and printing the supreme court reports of the Territory which is executed by the clerk of the court in his own name and not in the name of the Territory does not comply with section 1419, R. L. 1915, and should not be certified by the auditor.

SAME—*clerk of supreme court not authorized to enter into contract on behalf of the Territory.*

The clerk of the supreme court is not authorized by law to enter on behalf of the Territory into a contract for the publication of the reports of the supreme court.

SAME—*contemporaneous construction.*

The custom of clerks of the supreme court, long approved by executive officers of the Territory, to make and sign contracts for the publication and printing of the supreme court reports of the Territory in their own names does not abrogate or suspend the statute requiring such contracts to be executed in the name of the Territory.

APPROPRIATIONS—*auditor—certificates as to available unexpended appropriations.*

A contract with a publisher for publishing and printing the supreme court reports of the Territory at a specified amount per page, but which does not limit the maximum number of pages to be contained in each volume does not fix the liability of the Territory with sufficient certainty to justify the auditor in certifying that there is an available unexpended appropriation

*or balance of an appropriation over and above all outstanding contracts to cover the amount required by such contract.*

OPINION OF THE COURT BY CIRCUIT JUDGE BANKS.

This is an appeal taken under section 1406, R. L. 1915, from a decision of Thomas Treadway, auditor of the Territory of Hawaii, refusing to certify a contract made on the 7th day of April, 1923, by and between Honolulu Star-Bulletin, Limited, a corporation, and James A. Thompson, clerk of the supreme court, Territory of Hawaii.

The contract relates to the publication and binding of volume 27 of the reports of this court and under the provisions of section 1420, R. L. 1915, has no vitality unless the auditor of the Territory shall indorse thereon his certificate that there is an available unexpended appropriation or balance of an appropriation over and above all outstanding contracts sufficient to cover the amount required by such contract.

Acting on the advice of the attorney general of the Territory, the auditor, on April 12, 1923, refused his indorsement and his action is now before this court for review.

Our approval or disapproval of the action of the auditor depends on whether the contract presented to him is, under the laws of the Territory, a valid and enforceable agreement between the Honolulu Star-Bulletin, Limited, and the Territory of Hawaii and also whether by its terms it expresses the liability of the Territory with the degree of certainty required by our statutes.

If for either of these reasons the contract is objectionable the auditor was fully justified in refusing his assent. It requires the expenditure of public money in excess of one thousand dollars and under the provisions of section 1420, R. L. 1915, can have no validity or binding force

until the necessary certificate is indorsed thereon by the auditor.

It is contended by appellant that the duty of certifying the contract is purely ministerial and that the auditor has no concern with its validity. The auditor is required to certify those contracts only to which the government is a party. Section 1419 requires "all such contracts" to be executed "in the name of the Territory, county or city and county, as the case may be" and if a contract presented to him for certification does not comply with this provision he may properly refuse to certify it. He is not under obligation to certify contracts which upon their face do not purport to be the contracts of the government.

It would be a manifest solecism to instruct the auditor to give his imprimatur to a contract that the court would itself condemn.

This brings us to a consideration of the contract. After a compliance with the necessary prerequisites to the letting of a contract for the printing and binding of volume 27 of the reports of the supreme court of the Territory of Hawaii, James A. Thompson, clerk of said court, appellant herein, on the 7th day of April, 1923, joined with the Honolulu Star-Bulletin, Limited, in the execution of an agreement by the terms of which the Honolulu Star-Bulletin obligated itself to James A. Thompson, clerk of said court, to do the work and according to the specifications mentioned in said agreement; James A. Thompson, clerk of the supreme court of the Territory of Hawaii, agreeing on his part to pay to the Honolulu Star-Bulletin the compensation provided by the contract. The contract recites that there is "an appropriation by the legislature available for such purpose."

In describing the contracting parties the following language is employed:

"Memorandum of agreement made and entered into this 7th day of April, 1923, by and between the Honolulu Star-Bulletin, Limited, an Hawaiian corporation, of Honolulu, Territory of Hawaii, party of the first part, and James A. Thompson, Clerk of the Supreme Court of said Territory, party of the second part."

The signatories are:

> "Honolulu Star Bulletin, Ltd.
> "P. L. McIlree, Treasurer.
> "James A. Thompson
> "Clerk Supreme Court
> "Territory of Hawaii."

Section 1419, R. L. 1915, as amended by Act 225, S. L. 1923, provides that "all such contracts" (meaning contracts for public purposes involving an expenditure of $1000 or more) "shall be in writing" and "shall be executed in the name of the Territory, county or city and county, as the case may be, by the officer letting the same." This language is so clear that it does not require any interpretation or construction. The legislature obviously intended to avoid the necessity of extrinsic proof as to whether a contract is entered into in behalf of the territorial or other government and therefore required that public contracts should *upon their face* be and purport to be contracts of the government. The requirement is that all such contracts shall be "in the name of" the government. The attempted contract in the case at bar clearly is not a contract in the name of the Territory of Hawaii. It is quite possible that if either or both of the parties had performed the duties imposed by the contract it would be unconscionable to permit advantage to be taken of any error in the designation of the contracting parties. In that event the court might well decide that the Territory, having accepted the benefits of the contract, was estopped, upon principles of equity and justice, from denying it was executed in its name.

At the time this appeal was taken there had been neither complete nor partial performance by either of the parties. The entire matter was *in limine*. No one had acquired any equities which the court would be bound to recognize. Neither the auditor nor any one else concerned with the contract had taken any action which would preclude an inquiry into its validity. Being thus unfettered by any circumstances which might require a different conclusion the court is free to decide that the contract now before it was not executed in conformity with section 1419, R. L. 1915.

In seeking to avoid this obvious conclusion appellant relies on the fact, which appears in the record, that contracts providing for the publication of many antecedent volumes of the reports of this court were executed in the same manner as the one now before us. It is insisted that a long acquiescence in and approval of this form of contract by executive branches of the government are conclusive of its validity and constitute a full compliance with the law relating thereto. We are unable to accede to this view. Section 1419, R. L. 1915, expressly provides that contracts of this character shall be executed in the name of the Territory. Prior failures to comply with this statutory requirement, no matter how often repeated nor how frequently approved by the heads of executive departments, cannot suspend the law or relieve those charged with the duty of acting under it from a compliance with its provisions.

The appellant may very justly be excused for following a course that had been so long pursued without objection, but the contract which he executed was nevertheless not in the name of the Territory.

There is another imperfection in the contract that justified the auditor in refusing his certificate. Section 1420, R. L. 1915, provides:

"Contract not binding unless appropriation available. No such contract shall be binding or of any force unless the auditor of the Territory, county or city and county, as the case may be, shall indorse thereon his certificate that there is an available unexpired appropriation or balance of an appropriation over and above all outstanding contracts sufficient to cover the amount required by such contract."

The contract in question provides for the printing of seven hundred and fifty copies of volume 27 of the supreme court reports of the Territory of Hawaii. The compensation to be paid the publisher for the work and labor performed and the material furnished including advance sheets is $6.33 per page. The minimum number of pages to be contained in each volume is limited to eight hundred but there is no limit fixed for the maximum number. The appropriation made by the legislature for publishing the report was $7,000.

While it seems improbable that volume 27 will contain a sufficient number of pages to more than exhaust the appropriation it is by no means certain that it will not do so. In the absence of an express restriction, by the terms of the contract, of the maximum number of pages the determination of the number is left to the judgment of the justices of the supreme court. In order to justify the auditor in indorsing his certificate on the contract, it should appear from the contract itself that the obligation of the Territory does not exceed the appropriation. The matter must not be left to future determination but must be expressed in the very instrument upon which the indorsement of the auditor is required. He should not certify as a fact something which is at least of doubtful issue and which may subsequently prove to be not a fact. In *Lord* v. *Auditor*, 25 Haw. 76, cited by appellant, the contract itself expressly limited the maximum total of the Territory's liability to the amount of the unexpended

balance of the appropriation and that case is therefore not in point.

Another question argued is whether the clerk of the supreme court may properly sign the contract on behalf of the Territory.

Our statutes do not confer such authority upon the clerk nor can it be implied from his official position. Unless therefore he is otherwise duly and legally empowered to bind the Territory in executing a contract in its behalf his act in that regard would be invalid. As to whether this authority should be conferred by the chief justice or by the court we deem it unnecessary to decide.

The decision of the auditor is affirmed.

*Frear, Prosser, Anderson & Marx* for appellant.

*H. R. Hewitt,* First Deputy Attorney General, for the auditor.