FRANK NICHOLS, LIMITED, *v.* JOHN W. VAN-NATTA, DEFENDANT; WILLIAM C. McGON-AGLE, TREASURER OF THE TERRITORY OF HAWAII, GARNISHEE.

No. 2213.

Submitted September 17, 1935.          Decided October 25, 1935.

Coke, C. J., Peters J., and Circuit Judge Metzger in place of Banks, J., unable to attend on account of illness.

OPINION OF THE COURT BY COKE, C. J.

The appellant, Frank Nichols, Limited, instituted in the court below an action in assumpsit against John W. Vannatta, naming William C. McGonagle, treasurer of the Territory of Hawaii, garnishee. Vannatta at the time was the deputy auditor of the Territory and as such was in receipt of a governmental salary. The treasurer, Mr. McGonagle, filed his return, alleging therein, "that he is not the officer through whom the defendant above named as a government beneficiary is accustomed or entitled to draw his salary, stipend, wages or annuity; that the duty of the treasurer with respect to the salary, stipend, wages or annuity of said beneficiary is merely to pay the same as the drawee of warrants therefor drawn by the auditor or by said beneficiary as deputy auditor of the Territory and approved by the governor."

The judge of the court below sustained the treasurer

and ordered his discharge as garnishee. From the order of discharge the appellant has perfected an appeal to this court through the medium of an interlocutory bill of exceptions. When the subject was before the court for determination counsel for appellant directed to the trial judge the following inquiry: "Under the statute your Honor is holding that the treasurer is not the proper person to be garnisheed for the auditor or deputy auditor's salary?" to which the judge replied: "Correct. The auditor is still the proper person to be garnisheed."

The question presented to us here is solely one of statutory construction. The statutes having application are contained in sections 576, 577, 4294 and 4295, R. L. 1935. The last two sections prescribe the procedure necessary for the sequestration of the salaries, stipends, wages or annuities of government beneficiaries and provide that where the creditor of a government beneficiary brings an action against his debtor he may designate in his declaration the office or employment held by such beneficiary, the amount of the monthly salary, wages, stipend or annual salary of such beneficiary, and the name of the officer through whom such beneficiary is accustomed or entitled to draw his salary, etc., and in his prayer for process such creditor may include a request to the magistrate issuing the same to insert therein a direction to the serving officer to leave an attested copy thereof with the auditor of the Territory or other officer through whom the salary, stipend or wages of such debtor are sought to be attached, who shall thereafter be called the garnishee. The plaintiff, pursuant to these provisions of the statutes, alleged that the territorial treasurer was the officer through whom the defendant was entitled to draw his salary, and joined him in the proceeding as garnishee. Sections 576 and 577 read as follows: "Sec. 576. Money drawn only on. Excepting moneys paid for the redemption bonds of the ter-

ritorial debt, and the interest coupons of the same, and for interest on overdue warrants, and drafts against special deposits and for expenses of the legislature, no money shall be drawn from or out of the treasury except upon warrants substantially in the form of section 594, issued from the auditor's office. Every such warrant shall be signed by the auditor or his deputy or by means of any mechanical check signer that may be adopted by the auditor, and shall be made payable upon such date as may be approved by the treasurer to the order of the person to whom the Territory is directly indebted." "Sec. 577. Salaries, pensions. All warrants for permanent settlements, specific and all other salaries, excepting that of the auditor and deputy auditor, shall be drawn by the auditor, payable to each individual to whom the Territory is directly indebted, except as provided for in section 581, and the warrants shall be receipted for. No permanent settlements nor salary warrants shall be paid by the treasurer until the person in whose favor the warrant is drawn shall have indorsed his signature thereon. The salaries of the auditor and deputy auditor shall be paid by the treasurer when due as in this chapter before provided upon warrants approved by the governor."

It is clear that in all cases except those involving the salaries of the auditor and deputy auditor and certain other specific instances mentioned in section 576, the auditor and deputy auditor are designated by law as the disbursing officers authorized to pay the salaries of territorial employees, which is accomplished by the issuance of warrants drawn upon the treasurer of the Territory. These warrants are negotiable and hence the auditor, in all cases other than those coming within the exceptions aforesaid, is the proper official to be named as garnishee where court process is invoked for the purpose of sequestering the salaries, wages, etc., of territorial beneficiaries.

It is equally plain that the legislature, for laudable and obvious reasons, was unwilling to permit the auditor and deputy auditor to become their own paymasters. The statute contemplates that the salaries of the auditor and deputy auditor should be paid by warrants drawn by the treasurer of the Territory upon himself and approved by the governor. These warrants when thus drawn and approved would also be negotiable in character.

Counsel for appellee call attention to the evidence introduced in the case to the effect that the officials administering the law have placed a different construction on the law and quote the rule contained in 2 Lewis' Sutherland, Stat. Const. (2d Ed.) p. 889, to the effect that "the practical construction given to a doubtful statute by the department or officers whose duty it is to carry it into execution is entitled to great weight and will not be disregarded or overturned except for cogent reasons, and unless it is clear that such construction is erroneous." The same rule has been recognized by this court in *County of Hawaii* v. *Auditor*, 25 Haw. 372, and in other Hawaii cases cited in that opinion. See also *Pennoyer* v. *McConnaughy*, 140 U. S. 1, at page 23.

The court below did not base its opinion upon the rule of contemporaneous construction but confined its decision solely to its own construction of the statute, but since counsel for appellee have urged the point in their brief, we call attention to another and equally universal rule of law to the effect that neither official construction nor usage, no matter how long indulged in, can be successfully invoked to defeat the purpose and effect of a statute which is free from ambiguity, nor will the courts be influenced by the construction placed upon a statute by the officials whose duty it is to execute it where such construction is manifestly incorrect.

The exceptions are sustained and the cause is remand-

ed to the court below with instructions to vacate and set aside its order discharging the garnishee.

*W. R. Ouderkirk* for plaintiff.

*W. B. Pittman,* Attorney General, and *G. P. Kimball,* Deputy Attorney General, for the garnishee.