# A. Y. WONG *v.* PUBLIC UTILITIES COMMISSION OF THE TERRITORY OF HAWAII.

## No. 2271.

ARGUED APRIL 30, 1936.                    DECIDED JUNE 10, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an interlocutory appeal from an order overruling appellant's amended demurrer to appellee's amended bill of complaint for injunction. The sole ground for injunctive relief, and the thesis of the court's ruling on demurrer, are the alleged invalidity of the provisions of section 7958, R. L. 1935, especially the provision contained therein making it unlawful for any common carrier operating upon and using the public highways to furnish such service without first obtaining from the public utilities commission of the Territory a certificate declaring that public convenience and necessity require such opera-

tion and service, upon the grounds that such provisions contravene rights and privileges guaranteed appellee by the Constitution of the United States in respect to "due process" and "equal protection of laws" and violate the express and implied limitations imposed upon the powers of the local legislature by section 55 of the Organic Act, in respect to the unlawful delegation of legislative powers and the inhibition against granting "any special or exclusive privilege, immunity, or franchise without the approval of Congress."

We deem it unnecessary to consider the question of the validity of the provisions of the statute complained of upon the grounds alleged, it affirmatively appearing from the allegations of the amended bill to which the demurrer was directed that the appellee is seeking to protect by injunction, without a certificate of convenience and necessity required by the statute, the same privilege enjoyed by him under and by virtue of such a certificate theretofore issued to him by the public utilities commission of the Territory and that by his acts and conduct in respect to the securement thereof and the enjoyment of the benefits thereunder he is estopped from challenging the statute upon the grounds urged. It appears from the bill that in March, 1935, and since, and at the time of the filing of the bill the appellee was, and has been, a common carrier of passengers operating upon and using the public highways in the City and County of Honolulu, furnishing such service under and by virtue of a certificate theretofore issued to him by the public utilities commission of the Territory declaring that public convenience and necessity required such operation and service; that said certificate in the same or amended form and the benefits thereby conferred were held and enjoyed by him from the time of its issuance until its indefinite suspension by order of the commission on October 31, 1935; that prior to July 7, 1935,

there were attached to the exercise of the privilege granted by such certificate certain terms and conditions, one of which defined the type of motor vehicle to be employed by him; that on July 7, 1935, appellee petitioned the commission requesting its permission to substitute another motor vehicle for the vehicle he was then operating and said request was granted by the commission upon certain express conditions, one of which limited the seating facilities to be used and the maximum number of passengers to be carried by the motor vehicle to be substituted; that on October 31, 1935, after hearing had before the commission upon the complaint of a competitor of the violation by the appellee of said terms and conditions of the certificate in respect to seating facilities and number of passengers, at which the respondent was personally present and adduced evidence on his own behalf, the commission indefinitely suspended his certificate as amended. It does not appear from the allegations of the amended bill that the application for and acceptance of the certificate of convenience and necessity in its original or amended form was made or accepted under duress. To permit the appellee to voluntarily invoke the regulatory provisions of law and to enjoy the benefits and privileges thereof and, after the violation by him of the terms and conditions attached to such benefits and privileges, to attack such law as invalid upon the grounds urged would be to countenance juridicial gymnastics with which this court has little sympathy.

That rights or privileges similar to those asserted by appellee guaranteed by the Constitution of the United States or by the Organic Act of the Territory may be waived or the right to claim them barred by conduct inconsistent with the assertion thereof is no longer an open question in this jurisdiction. (*Territory* v. *Tue Bun,* 20 Haw. 267, 270; *In re Craig,* 20 Haw. 483, 488.) For

decisions of other jurisdictions to like effect see notes on "Estoppel to attack constitutionality of a statute," XXXIV Columbia Law Review No. 8, p. 1495, and XLVIII Harvard Law Review No. 6, p. 988.

If invalid, the invalidity of this provision was as apparent to the appellee when he applied to the public utilities commission for such certificate as when later the certificate theretofore issued to him was suspended indefinitely. The provision of the statute requiring a certificate of convenience and necessity in effect delegates to the utilities commission the power to determine the persons by whom highways may be used; to prohibit such use to some persons while permitting it to others for the same purpose and in the same manner. The exercise of such power may result in the prohibition of competition. (*Buck* v. *Kuykendall*, 267 U. S. 307, 315.) Obviously the benefits inuring to holders of certificates of convenience and necessity are measured by the difference between indiscriminate and controlled competition. The option lay with the appellee to conform to the law and to secure a certificate of convenience and necessity with its attendant benefits or insist upon the invalidity of the statute and stand upon the constitutional and statutory rights and privileges which he believed the statute invaded. He chose the former course. By such voluntary acceptance of benefit he is now estopped from assailing the validity of the statute. To paraphrase the language of the court in *American Bond & Mortgage Co.* v. *United States,* 52 F. (2d) 318, 321: "Having sought and secured a certificate of public convenience and necessity with its attendant benefits appellee obviously cannot later assert rights which were surrendered in order to secure the certificate." (See also *Buck* v. *Kuykendall, supra,* p. 316.)

Counsel for appellant urged upon the argument that even were we to hold that appellee was estopped from

challenging the validity of the statute that we nevertheless proceed to a consideration of the merits. The inconsistency of our so doing is too obvious to require comment.

The decree appealed from is reversed and the cause remanded with instructions to the trial judge to sustain the amended demurrer to appellee's amended bill of complaint upon the second ground thereof that the "petition sets forth no facts which would entitle petitioner to any relief in equity."

*W. R. Ouderkirk* (*Henshaw & Ouderkirk* on the brief) for petitioner.

*Jon Wiig,* Deputy Attorney General (*W. B. Pittman,* Attorney General, with him on the briefs), for respondent.

*J. G. Anthony,* amicus curiae.

