IN THE MATTER OF THE APPLICATION OF EVE
M. CARLSON FOR A WRIT OF MANDAMUS
DIRECTED TO THE REAL ESTATE COMMIS-
SION OF THE TERRITORY OF HAWAII AND
TO EDWARD A. BOLLES, DAVID K. BENT AND
EATON H. MAGOON, MEMBERS THEREOF.

No. 2685.

SUBMITTED JANUARY 22, 1948.          DECIDED FEBRUARY 9, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

This is an appeal by the Real Estate Commission and its members, hereinafter referred to as "the respondents," the appellee being Eve M. Carlson, an applicant for a real estate broker's license, hereinafter referred to as "the petitioner." The appeal is from the mandate of a circuit judge at chambers, directing the respondents to issue the license to the petitioner. The mandate is a peremptory one on the pleadings issued pursuant to Revised Laws of Hawaii 1945, section 10267.

The first of the two specifications of error challenges the circuit judge's interpretation of the enactment dealing with real estate brokers and salesmen (R. L. H. 1945, c. 150, §§ 7731-7742; Sess. L. 1933, c. 140, §§ 1-10), but raises no question of constitutionality with respect to the enactment's requirement that persons acting as real estate brokers and salesmen be licensed. The circuit judge interpreted the enactment to mean that the commission is neither authorized to examine an applicant as a condition precedent to issuing a real estate broker's license, nor empowered to refuse such license merely for failure to pass an examination. This interpretation was occasioned by the admitted facts of pleading that the petitioner was required by the respondents to take a written examination "in the lore of the real estate business" and that she did not pass such examination, which is the sole reason why the respondents refuse to grant the license. At this juncture it is important to note that the examination here involved is distinct and apart from the character investigation and information bearing upon the issuance of a real estate broker's or salesman's license, which may be made and required by the commission as permitted by statute. (§§ 7737, 7738.) The specification presents but one question of law. Did the circuit judge correctly interpret the enactment?

The answer to the question depends upon legislative

intent drawn from the whole enactment as embodied in chapter 150 of Revised Laws of Hawaii 1945. It is first to be noted that, while the enactment empowers the commission to grant real estate broker and salesman licenses (§ 7734), it does not specify that applicants be examined as to technical knowledge or erudition in the real estate business. Correlatively, the enactment does not require the members of the commission to possess qualifications of competency to examine applicants in this particular field, the only requisites being United States citizenship and residence in the Territory of at least three years preceding appointment (§ 7733). Moreover, no language appears in the enactment susceptible to the interpretation that the legislature intends to insure that applicants be possessed of learning in the real estate business, or demand that the commission be composed of real estate experts. Rather, the primary purpose of the enactment is to protect the public from fraud and misrepresentation perpetrated by unscrupulous persons acting as real estate brokers and salesmen. This purpose is effectuated (1) by making it unlawful for any person to act as a real estate broker or salesman without a license previously obtained (§ 7736); (2) by prohibiting the issuance of either license to a person not possessing "a good reputation for honesty, truthfulness and fair dealing," or to one "who has been convicted of a felony or a misdemeanor involving moral turpitude unless such person has received a full and free pardon or presents satisfactory proof to the commission that for five years next preceding the date of his application he has lived an upright and moral life" (§ 7737); (3) by authorizing the commission to revoke the license of such person should he be the holder of one (§ 7741). In the face of such purpose and in the absence of any terms extending its scope, there necessarily arises from the language employed the implication that the legislature

12

did not intend to authorize or require an examination of technical knowledge as a condition precedent to the issuance of either license. This implication is so strong that the contrary can not reasonably be supposed. It is therefore as much a part of the enactment as if expressed. (See *Hon. R. T. Co.* v. *Wilder,* 30 Haw. 685, 690.) Nothing further is needed to reveal the legislative intent. However, confirmation thereof may be found extrinsically in the significant fact that other enactments authorizing the issuance of licenses for different businesses, occupations and professions (cc. 87, 143, 144, 146, 149 and 191, R. L. H. 1945) were in force and effect at the time this one was passed by the legislature. Each of these enactments expressly provided that an applicant for a license to engage in such business, occupation or profession shall or may be examined relative to competency in the particular field of endeavor by persons qualified therein, the reasonable inference being that the legislature, in empowering the commission to license applicants to engage in the real estate business as brokers and salesmen, was aware of such reciprocal requisites of examination and advisedly omitted them from this enactment.

The respondents argue that the course of conduct with respect to examinations as pursued by them in the case of the petitioner is authorized by a rule or regulation which they promulgated approximately two and a half years after the effective date of the enactment. They contend that such course constitutes an administrative practice of the commission recognized by subsequent legislatures as evidenced by those bodies not passing proposed amendments expressly stating that applicants for real estate broker licenses shall not be required to pass an examination. However, the real estate commission is essentially an administrative body with statutory authority to adopt and make rules and regulations pursuant to the

provisions of the enactment as it may deem proper to effectuate and carry out the purposes thereof. (§ 7734, par. 2 and 3.) But this authority is limited to reasonable rules and regulations for carrying into effect the provisions of the enactment, which are valid and may be enforced accordingly. Nevertheless, the making thereof is an administrative function, not a legislative power. (See *State* v. *Burdge,* 95 Wis. 390, 70 N. W. 347.) Nor can such function be performed arbitrarily and without reasonable relation to the administration for which the rules and regulations were authorized to accomplish. Hence in order to have the force and effect of law they must not conflict with, alter or amend, or enlarge or impair the scope of the provisions of legislative enactment. (*Dickey* v. *Rapid Transit Co.,* 15 Haw. 304; *Whitcomb Hotel* v. *California Employment Commission,* 24 Calif. [2d] 753, 151 P. [2d] 233, 155 A. L. R. 405.) Obviously, the respondents' rule or regulation, assuming but not deciding it to be of the import claimed by them, transcends the enactment it purports to administer and requires conditions not imposed by statute as prerequisites to the issuance of a license. Consequently, it amounts only to the respondents' *ipse dixit* and is without force and effect of law. In short, such rule or regulation is void and unenforceable. It therefore can not give rise to any valid administrative practice. Nor could the mere not passing of the proposed amendments to the enactment by subsequent legislatures render valid that which is invalid. On the contrary, it would be fair to assume that the underlying reason such amendments did not receive subsequent legislative sanction was that if they had it would be but a tautology of an intent necessarily implied in the original enactment. (See *State* v. *Lancashire Fire Ins. Co.,* 66 Ark. 466, 51 S. W. 633.)

There being no impediment of examination, the facts

14

admitted by the pleadings establish that the petitioner met every qualification prescribed by statute for the issuance of a real estate broker's license. She is, therefore, legally entitled to that license, there remaining only the ministerial act of issuing it. The question presented is answered in the affirmative and the first specification of error is found to be without merit.

The second and final specification of error is to the circuit judge's "determination that petitioner might maintain her action despite her submission to the examination required by the commission for a salesman's and broker's license and despite her having received and enjoyed a salesman's license in compliance with the rules and regulations of the commission." It is bottomed upon estoppel and rests on the rule that a party will not be allowed to maintain inconsistent positions not only in the same proceedings, but in ones supplemental thereto and even in separate proceedings involving the same parties and questions. However, this case presents no element of estoppel and none of inconsistency in position. It is true that in qualifying as a real estate broker the petitioner must have had one year's experience as a licensed real estate salesman in the Territory (§ 7737, par. 6). But it is not admitted by the pleadings or stipulation of the parties that she submitted to the examination required by the respondents for a real estate salesman's license and by passing it complied with their rule or regulation authorizing such examination. Nevertheless, assuming *arguendo* that she did, her submission and compliance did not constitute an acceptance of any benefit pertinent to the issuance of license, because the taking and passing of an examination were ineffectual to bestow such a benefit, not being conditions imposed by the enactment as prerequisites to the issuance of license, but authorized by a rule or regulation which was a nullity. Hence there was nothing of substance

on which the petitioner could rely except upon the enactment itself, she presumedly having complied with its requirements and qualified thereunder for a real estate salesman's license to the same extent as she does for a real estate broker's, irrespective of whether after applying for either she passed or failed an examination. In one instance, however, the respondents granted, and in the other refused to grant, the license for which the petitioner applied.

In this proceeding of mandamus the respondents are called upon for the first time to defend their action in refusing to issue a license to the petitioner. It is therefore the only proceeding between the parties presenting the question of authority for such refusal. The petitioner therein does not assail the validity of the enactment, but rests on an interpretation that admits the constitutionality thereof. Hence her case involves no question of the enactment's constitutionality and is clearly distinguishable from those of *Territory* v. *Tue Bun,* 20 Haw. 267, and *Wong* v. *Public Utilities Commission,* 33 Haw. 813, cited by respondents. The petitioner having taken positions consistent with the enactment's validity and none inconsistent therewith in this proceeding or any other involving the same question as here presented, her conduct can not be made a basis upon which to rest a successful claim of either an estoppel or waiver of her right to challenge the respondents' assertion of authority by reason of a rule or regulation conflicting with the enactment she seeks to uphold.

Mandate affirmed.

*J. F. Alexander,* Deputy Attorney General, for Real Estate License Commission of Territory of Hawaii et al., appellants.

*B. Houston* for appellee.

*Anderson, Wrenn & Jenks* and *W. E. Bliss, amicus curiae.*