TERRITORY OF HAWAII *v.* FRANK F. FASI.

NO. 2964.

ARGUED FEBRUARY 17, 1954.     DECIDED MARCH 16, 1954.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

On March 27, 1953, the defendant-appellant, a candidate for office in the primary election of October 4, 1952, was charged with failing to file a sworn itemized statement of his expense account within twenty days following the primary election, in violation of the provisions of section 249, Revised Laws of Hawaii 1945, as amended by Act 159, Session Laws of Hawaii 1947.

After such charge was filed defendant did make a sworn itemized statement of his expenses approximately six months after the date of the primary election.

Appellant claims that the provision of section 249 requiring the filing of a statement of expenses within twenty days is directory only as to the time of filing such expense account. The Territory claims that such provision is mandatory and a violation thereof is a misdemeanor punishable by fine.

Section 249, as amended, is as follows: "Sec. 249. Election expenses, statement. Within twenty days following any election, each candidate for a territorial office and each agent or committee acting for or on behalf of any such candidate shall file with the secretary of the Territory, and each candidate for a county office and each agent or committee acting for or on behalf of any such candidate shall file with the clerk of the county, an itemized statement of his or their expenses, by, for, or on behalf of the candidate for election, showing each amount expended, the purpose or object for which each expenditure was made, and the person or persons to whom made. Such statements shall be sworn to by each person making the

expenditures and shall be open to public inspection."

Section 288, Revised Laws of Hawaii 1945, provides that the general election law shall apply to primary elections. The general election law has a provision that any candidate who shall fail to file a statement of expenses shall be guilty of a misdemeanor punishable by fine of not more than $500 or by imprisonment for not more than six months.

The circuit judge ruled that the word "shall" and the presence of a penalty for the failure to observe the statute indicated that the provisions of section 249, *supra,* were mandatory rather than directory.

An examination of section 249, *supra,* discloses that the word "shall" is used several times throughout the body of the statute. The word "shall" as a verb means to owe or to be under obligation to. As an auxiliary verb it means obliged, must. "* * * Thus *shall,* when used in the 2d or 3d person, has a special force from the fact that the speaker predicts or promises another's action, and hence is expressive of some authority or compulsion on the speaker's part; * * *" (Webster's New International Dictionary, 2d ed., unabridged, p. 2300.)

59 Corpus Juris, Statutes, section 635, pages 1079, 1080, is as follows: "As a general rule * * * the word 'shall' is imperative, operating to impose a duty which may be enforced."

50 American Jurisprudence, Statutes, section 28, page 49, sets forth the general rule of law governing the use of the word "shall" in a statute as follows: "The intention of the legislature as to the mandatory or directory nature of a particular statutory provision is determined primarily from the language thereof. Words or phrases which are generally regarded as making a provision mandatory, include 'shall' and 'must.' * * *"

The requirement to file a statement within twenty days

clearly comes within the wording of the statute. To justify a departure from the literal construction of the wording it must appear that the filing within twenty days is not within the intention of the lawmakers.

Counsel for defendant strenuously contends that while it is mandatory to make a return of expenditures, it is not mandatory to make the report within the twenty days even though this clearly comes within the wording, citing various cases which will be discussed hereinafter, and the case of *Chang* v. *Meagher, et als.*, 40 Haw. 96. This case sets forth "While the most desirable construction of a statute is that which is consistent with both the spirit and letter thereof, frequently the purpose of an Act justifies a departure from the literal construction of the wording and a thing which is within the intention of the statute is as much within the statute as if it were within the letter, and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers." Further, that "Where the context of the law demonstrates a particular intent of the legislature to effect a certain object, some degree of implication may be called in to aid that intent."

"It is a general rule of construction that where a legislative provision is accompanied by a penalty for a failure to observe it, the provision is mandatory." (50 Am. Jur., Statutes, § 27, p. 49; *In Re Cramer's Election Case*, 248 Pa. St. 208.)

Our supreme court in *County of Maui* v. *do Rego*, 24 Haw. 608, 615, in discussing the test to determine whether a statutory provision was directory or mandatory stated: " '* * * Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one

way or the other.' 36 Cyc. 1157."

If the time of filing the expense account were merely directory, the statute would serve little or no purpose in preventing frauds based upon money expenditures. Furthermore, as a criminal statute it would be impossible to tell at what particular time a failure to file became a criminal offense. If a reasonable time be intended, would this time vary as equity was said to vary according to the length of the chancellor's foot? If not twenty days, would it be thirty days, sixty days, six months, one year, or one day less than the full two-year statute of limitations for misdemeanors?

The cases cited by appellant bear little or no relation to the case at bar as they involve forfeiture of office because of failure to file within a specified time. Such cases as the Kentucky cases, where a provision requiring the filing of expense accounts fifteen days before the nomination and fifteen days before the final election, was held to be directory only, in view of a provision to the effect that his office should be forfeited if he refused or neglected to file such statement. Where Tennessee enacted the Kentucky statute, the construction adopted by the Kentucky courts was followed in the Tennessee decisions. (*State* v. *Jones,* 164 S. W. [2d] 823.)

In this *State* v. *Jones* case, *supra,* the court held that the filing of the expense account, although not filed until the 5th of September while due the 29th of August, was *substantial* compliance which entitled the candidate to a certificate of election, saying: "This Court has said in several cases that it will not permit trifling irregularities to defeat the will of the majority as expressed at the polls. [Citing cases.]"

Likewise, the Colorado case of *Gillett* v. *People,* 13 Colo. App. 553, 59 Pac. 72, held that a provision requiring a candidate to file an expense statement within twenty

days after election was held to be directory only in view of a later provision to the effect that his office should be vacated if he refused or neglected to file such a statement but omitting any reference to time. This case was an attempted ouster of the elected official.

In the case of *Commonwealth* v. *Schrotnick,* 240 Pa. 57, 87 Atl. 280, a requirement that a candidate file a statement of his election expenses within thirty days was held to be directory only and was held not to intend to work a forfeiture for failure to comply within a reasonable time.

These several cases, all dealing with forfeiture for failure to file expense accounts, contain various provisions relative thereto, some providing that the officer shall draw no salary until such statement has been filed or other provisions showing that there should be no forfeiture where there has been substantial compliance with the statute.

Counsel called attention to decisions in the circuit court sustaining demurrers to three complaints charging failure to file a statement of expenses within twenty days. The oral decisions give no reasons for such rulings. However, where a statute has been reenacted after a construction has been placed thereon by a court of inferior jurisdiction, it may be persuasive in the case of ambiguity or doubt but does not necessarily control where the meaning of the wording is clear. (*Hackfeld* v. *United States,* 197 U. S. 442.)

The disregard of the meaning of plain and unambiguous statutes by justices of the peace, judges of quarterly courts, county attorneys, etc., for a series of years does not warrant the continuation of such action. (*O'Connell* v. *Duff,* 125 S. W. [2d] 718.)

"* * * neither official construction nor usage, no matter how long indulged in, can be successfully invoked to defeat the purpose and effect of a statute which is free from ambiguity, nor will the courts be influenced by the

484

construction placed upon a statute by the officials whose duty it is to execute it where such construction is manifestly incorrect." (*Nichols, Ltd.* v. *Vannatta,* 33 Haw. 602, 606.)

"The intention of the legislature is to be obtained primarily from the language used in the statute. (*In re Inter-Island Steam Nav. Co.,* 21 Haw. 6.) Where the language of the statute is plain and unambiguous there is no occasion for construction and the statute must be given effect according to its plain and obvious meaning. But where the language used is of a doubtful meaning or adherence to the strict letter of the statute would lead * * * to contradictory provisions, the court may resort * * *" to extrinsic aids to construction. (*Kauai* v. *McGonagle,* 33 Haw. 915, 920.)

The statute before us is free from ambiguity. Adherence to the letter of the statute would not lead to contradictory provisions and there is nothing in the context of the law to demonstrate that any degree of implication should be called in to aid an unexpressed intent.

The language is clear and explicit. The language "Within twenty days following any election, each candidate * * * *shall* file * * * an itemized statement of his * * * expenses * * * showing each amount expended, the purpose or object for which each expenditure was made, and the person or persons to whom made. Such statement shall be sworn to by each person making the expenditures and shall be open to public inspection." is as mandatory as The Ten Commandments. (Emphasis added.)

Order overruling demurrer sustained.

*F. D. Padgett* (*Robertson, Castle & Anthony* with him on the briefs) for appellant.

*R. E. St. Sure,* Public Prosecutor (also on the brief), for appellee.