THE HAWAII CORPORATION, dba Pacific Construction Company, Plaintiff-Appellant, *v.* KeNAM KIM, Comptroller, State of Hawaii, Defendant-Appellee, and DILLINGHAM CORPORATION, dba Hawaiian Dredging & Construction Company, Intervenor-Appellee

No. 5329

September 11, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

The Hawaii Corporation, dba Pacific Construction Company, hereinafter called the appellant, filed a complaint in the trial court seeking to enjoin KeNam Kim, Comptroller, State of Hawaii, hereinafter called the appellee, from letting

the contract for the construction of Oahu Stadium to Dillingham Corporation, dba Hawaiian Dredging & Construction Company, hereinafter called the intervenor.

The trial court denied appellant's request for injunction and dismissed its complaint.

### FACTS

Appellee, the state officer charged with letting construction contracts, issued and caused to be published a Notice to Contractors, the pertinent paragraphs of said notice for the purpose of this appeal being, to-wit:

SEALED PROPOSALS will be received by the Comptroller, State of Hawaii, at the fifth floor of the Kekuanaoa Building in Honolulu, Hawaii, up to 2:00 o'clock P.M., H.S.T., THURSDAY MAY 18, 1972, for "Oahu Stadium, D.A.G.S. JOB NO. 02-10-1134.2," and will then and there by [sic] opened and publicly read aloud. Bids received after the time fixed for opening will not be considered.

. . . .

Plans and specifications and forms of contract documents may be examined at the office of the Comptroller in Honolulu and plans, specifications and contract forms may be obtained upon deposit of currency or certified check made payable to Director of Finance . . . .

. . . .

All prospective bidders shall file at the Office of the Comptroller written notice of their intention to bid not later than six (6) calendar days prior to the date herein above designated for opening of bids.

. . . .

The Comptroller reserves the right to reject any and/or all bids and waive any defects when, in his opinion, such rejection or waiver will be in the best interests of the State of Hawaii.

Appellant responded to the notice to contractors and obtained from appellee's office plans, specifications and contract forms by depositing a certified check made payable to the Director of Finance. Included with the plans, speci-

fications and contract forms was a document entitled "General Requirements and Covenants" and section 2.1 thereof states in detail the requirements of "Competency of Bidders" and section 2.2 of said document states the conditions of "Disqualification of Bidders." Said section 2.1 and portion of section 2.2 are restated in a document entitled "Special Notice to Bidders."

In said special notice, the paragraphs pertinent to this appeal read as follows:

> *COMPETENCY OF BIDDERS* — Each prospective bidder must file a written notice of his intention to bid not later than six (6) calendar days prior to date designated for the opening of bids as required by section 103-25, Hawaii Revised Statutes.
>
> . . . .
>
> The written notice of intention to bid is to be filed in the office of the Comptroller in the State Office Building at Honolulu, Hawaii, not later than 4:30 p.m. of the Friday preceding the Thursday of the bid opening, unless otherwise instructed in the Notice to Contractors. If the notice is mailed, the hour of posting must be stamped by the postal authorities and be prior to 12 midnight of the Friday described above. Commercial meter stamp on mailed notices will not be accepted should the mailed notice arrive after the deadline described above.
>
> . . . .
>
> *DISQUALIFICATION OF BIDDERS* — Any one or more of the following causes will be considered as sufficient for the disqualification of the bidder:
>
> 1. Non-compliance with section 2.1 "COMPETENCY OF BIDDERS".
>
> . . . .

Though appellant claimed that it gave notice of its intention to bid to the appellee by mail by depositing its written notice of intention to bid in the U.S. mails on May 9, 1972, the following critical evidence was adduced: Appellant addressed its written notice of intention to bid to "Director of Finance, 465 South King Street, Honolulu, Hawaii 96813."

The street address is that of the State Office Building in which the appellee maintains his office. By stipulation between the appellant and appellee it was agreed at the trial that appellant had placed appellant's written notice of intention to bid in an envelope addressed to the Director of Finance at 465 South King Street, stamped the envelope with a commercial meter stamp and then placed it in a place customarily designated for pick up of mail by the U.S. postal carrier.

Appellant's written notice of intention to bid was ultimately hand-delivered to the appellee's office at 8:11 a.m., Wednesday, May 17, 1972, the day before the date designated for opening of bids by appellee. The said written notice, dated May 9, 1972, showed a time stamp marking of 12:04 p.m., May 11, 1972, of the Purchasing Section, Department of Finance, City and County of Honolulu. The written notice lacked any attachment of a mailed envelope with the hour of posting stamped by the postal authorities showing a posting prior to 12 midnight of the Friday preceding the Thursday of the date of bid opening. A commercial meter stamp was also lacking.

On May 17, 1972 appellee, confirming his telephone statement to appellant disqualifying appellant, wrote a letter informing appellant that it was not qualified to bid because its written notice of intention to bid was not received within the time specified in the special notice to bidders. Appellant received said letter on May 19, 1972.

Appellant requested appellee to exercise his discretionary powers and waive appellant's failure in meeting the time specified in filing its written Notice of Intention of Bid. Appellee refused to waive the defect.

Notwithstanding appellee's refusal to permit appellant to bid, appellant submitted a sealed bid prior to the specified deadline of 2:00 p.m., Thursday, May 18, 1972. Appellee, however, refused to open or consider appellant's sealed bid. At the bid opening appellant orally stated the amount of appellant's bid which, if correctly stated, was the lowest of all.

### ISSUES

Appellant urges upon this court that the trial court erred:

1. In ruling that the appellee lawfully disqualified appellant from bidding for the Oahu Stadium Contract because its Notice of Intention to Bid was not timely given;

2. In not ruling that the appellee's refusal to waive the defect in appellant's said notice was an abuse of discretion.

#### TIMELY NOTICE OF INTENTION TO BID

Paragraph No. 7 of the findings of fact of the trial court reads as follows:

. . . [T]here was no evidence on which the Comptroller could determine whether the Notice had been mailed or not, or if mailed it had been stamped by the postal authorities or by a commercial meter stamp.

In paragraph No. 8 thereof the trial court states:

Assuming that Pacific's Notice was delivered through the mails, Pacific is responsible for the delay in its arrival at the Comptroller's office because of the mis-addressing of the Notice to the "Director of Finance" rather than to the Comptroller. The evidence is not credible that the Comptroller's office instructed Pacific to address its Notice to the "Director of Finance."

The trial court in its conclusions of law held:

(a) . . . [H]e was and is justified in treating the Notice as a "filed" Notice having a deadline for receipt by him of 4:30 p.m., Friday, May 12, 1972 (as distinguished from a "mailed" Notice having a different deadline), and disqualifying Pacific as a bidder on the basis of late receipt.

(b) Assuming that Pacific's Notice was mailed, it was mailed stamped by its commercial meter stamp machine. Being so stamped, it had to arrive at the Comptroller's office no later than Friday midnight, May 12, 1972. Being so stamped, the risk of any late arrival was on Pacific. The Notice having arrived on May 17, 1972, the Comp-

troller was and is justified in disqualifying Pacific as a bidder on the basis of late arrival.

(c) There is no abuse of discretion where the Comptroller refuses to waive the late "filing" of a hand-delivered Notice or the late "arrival" of a mailed Notice under the circumstances of the case.

We are of the opinion that the findings of fact of the trial court are supported by substantial evidence. This court has repeatedly held that findings of fact of a trial court will not be set aside unless the court is convinced that such findings are clearly erroneous. Citations thereof are so numerous that we will not enlarge our opinion by being repetitive.

We also affirm the conclusions of law of the trial court. HRS § 103-25 provides:

*Qualifications of bidders.* Before any prospective bidder shall be entitled to submit any bid for the performance of any contract with the State, or any county, or with any independent board or agency of the State or any county, for the construction of any public building or other public work (not including contracts between government agencies or political subdivisions) he shall, not less than six calendar days prior to the day designated for opening bids, give written notice to the officer charged with letting such contract of his intention to bid and such officer shall satisfy himself of the prospective bidder's financial ability to perform the work intended and of his experience and competence in performing similar work. For this purpose, the officer may, in his discretion, require any prospective bidder to submit answers, under oath, to questions contained in a standard form of questionnaire to be prepared by the comptroller by and with the approval of the governor, setting forth a complete statement of the experience of the prospective bidder and his organization in performing similar work and a statement of the equipment proposed to be used, together with adequate proof of the availability of the equipment. Whenever it appears to the officer, from answers to the

questionnaire or otherwise, that the prospective bidder is not fully qualified and able to perform the intended work, the officer shall, after affording the prospective bidder an opportunity to be heard and if still of the opinion that the bidder is not fully qualified to perform the work, refuse to receive or consider any bid offered by the prospective bidder. . . .

Appellee, in implementing the terms of section 103-25 above, issued the "Special Notice to Bidders" which provided for the alternative methods the prospective bidders could utilize in meeting the provision of HRS § 103-25 that ". . . he shall, not less than six calendar days prior to the day designated for opening bids, give written notice to the officer charged with letting such contract of his intention to bid . . . ."

We note that the statute fails to provide the manner in which a prospective bidder may "give [his] written notice to the officer charged with letting such contract." We are of the opinion that the "Special Notice to Bidders" is a necessary, reasonable and valid implementation of the duties and authority granted to the appellee under HRS § 103-25 and that the appellee was competent to so implement such duties and authority granted to him by the legislature. *See In the Matter of Eve M. Carlson*, 38 Haw. 9, 13 (1948); *California Drive-In Restaurant Association v. Clark*, 22 Cal.2d 287, 302-303, 140 P.2d 657, 665 (1943); *Bank of Italy v. Johnson*, 200 Cal. 1, 21, 251 P. 784, 791-92 (1927).

## POWER TO WAIVE DEFECT

HRS § 103-27 provides:

*Bids; opening; rejection.* The time of opening of such tenders shall be not less than five days after the last publication. All bids shall be sealed and delivered to the officer advertising therefor and shall be opened by him at the hour and place to be stated in the call for tenders in the presence of all bidders who attend, and may be inspected by any bidder. All bids which do not comply with the requirements of the call for tenders shall

be rejected. The officer calling for bids may reject any or all bids and waive any defects when in his opinion such rejection or waiver will be for the best interest of the public.

We are of the opinion that the time specified in HRS § 103-25, as implemented, is mandatory and not subject to waiver by the appellee. HRS § 103-25 clearly provides ". . . he *shall*, not less than six calendar days prior to the day designated for opening bids, give written notice . . . ." (Emphasis added.) The language of the statute is plain and unambiguous that the prospective bidder must meet the time specified in the statute in giving his written notice of his intention to bid to have his bid considered by the officer charged with letting the contract for the construction of the Oahu Stadium. Thus, the provision for waiver contained in HRS § 103-27 is not applicable to the requirements of HRS § 103-25, as implemented. *See Jordan v. O'Brien*, 79 Wash.2d 406, 486 P.2d 290 (1971); *Territory v. Fasi*, 40 Haw. 478 (1954).

Judgment affirmed.

*Robert S. Katz* (*Yoshio Shigezawa* with him on the briefs; *Moore, Torkildson & Schulze* of counsel) for plaintiff-appellant.

*Simeon R. Acoba, Jr.*, Deputy Attorney General (*George Pai*, Attorney General, with him on the brief), for defendant-appellee.

*Martin Anderson* (*James M. Sattler* and *Frank L. Gniffke* with him on the brief; *Jenks, Kidwell, Goodsill & Anderson* of counsel) for intervenor-appellee.

CONCURRING OPINION OF MARUMOTO, J.,
IN WHICH ABE, J., JOINS

I concur in the decision to affirm the judgment appealed from, but I disagree with the court's reasoning in arriving at the decision.

I think that this case is governed solely by HRS § 103-25, without regard to any statement contained in the Special Notice to Bidders.

HRS § 103-25 disqualifies any prospective bidder, who has not given his written notice of intention to bid to the contracting officer not less than six days before the designated bid opening date, from submitting a bid for the contract for public work solicited in the published call for tenders.

I do not think that there is any question that the words "give written notice to the officer charged with letting such contract" means actual delivery of the notice to the contracting officer. It makes no difference whether the delivery is made personally or by mail. What is crucial is that the notice be before the contracting officer. *St. Louis Printing Co.* v. *Aufderheide*, 226 Mo. App. 680, 45 S.W.2d 543 (1932); *United States* v. *Lombardo*, 241 U.S. 73 (1916).

Here, the bid opening date designated in the call for tenders was May 18, 1972. So, appellant's notice of intention to bid should have been delivered to appellee on or before May 12. The notice was delivered on May 17. The delivery was five days late. Consequently, appellant was not entitled to submit its bid. That is all there is to this case.

Appellant raised two points on this appeal. One was based on the mailed notices provisions of the Special Notice to Bidders. The other was based on the waiver provision of HRS § 103-27.

With regard to the point based on the Special Notice to Bidders, appellant could not have relied solely on the provision regarding mailed notices stamped with commercial meter. That provision would have required that appellant's notice be before appellee on or before May 12. So, appellant attempted to equate that provision with the provision relating to mailed notices bearing the hour of posting stamped by the postal authorities, I do not think that it is necessary to discuss appellant's involved, if not tortuous, argument in this regard, for it may be disposed of with a short answer.

The short answer is that the provision regarding mailed notices stamped by the postal authorities is invalid. That provision recognizes a mailed notice of intention to bid as timely if the hour of posting stamped thereon by the postal authorities is before midnight of the sixth day before the

bid opening date even though the notice is delivered to appellee less than six days before such date. The provision is clearly in conflict with the plain language of HRS § 103-25. There is no provision in HRS § 103-25, or elsewhere in the statutes, which authorizes appellee to waive or change the time for the giving of the notice of intention to bid.

To have the force and effect of law, an administrative action "must not conflict with, alter or amend, or enlarge or impair the scope of the provisions of legislative enactment." *In the Matter of Carlson,* 38 Haw. 9, 13 (1948). An administrative action in conflict with a statute does not become valid merely by remaining unchallenged for a long time. *In re Thompson,* 27 Haw. 221 (1923); *Rogers* v. *City and County of Honolulu,* 32 Haw. 722 (1932); *Frank Nichols, Ltd.* v. *Vannatta,* 33 Haw. 602 (1935).

On the point based on the waiver provision of HRS § 103-27, I think that the provision is not applicable to this case because it is concerned only with defects in bids, not with the qualification of prospective bidders to submit bids. Here, the issue is whether appellant was entitled to submit its bid, not whether there was any defect in the bid which appellant attempted to submit. Appellant clearly failed to qualify as a bidder under HRS § 103-25.

CITY AND COUNTY OF HONOLULU, Appellant, *v.* PUBLIC UTILITIES COMMISSION and HAWAIIAN TELEPHONE COMPANY, Appellees

No. 5278

September 12, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* On April 20, 1972, appellant filed a petition for rehearing. On May 25, 1972, this court ordered the parties to file additional briefs covering issues specifically stated in said order. We granted a rehearing on August 29, 1972.

We are of the opinion that the Petitioner has failed to sustain its argument that the opinion of this court heretofore rendered should be reversed.

*Gaylord Virden,* Deputy Corporation Counsel, for appellant City and County of Honolulu, for the petition.

*Marshall M. Goodsill (Jenks, Kidwell, Goodsill & Anderson* of counsel) for appellee Hawaiian Telephone Company, contra.

HANK RAS, Plaintiff-Appellant, *v*. ROBERT K. HASEGAWA, Director of Labor and Industrial Relations, State of Hawaii, and DILLINGHAM CORPORATION, Defendant-Appellees, and CALVIN C. M. KAM, Defendant.

No. 5135

September 12, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* The petition for rehearing is denied without argument.

*Hank Ras,* pro se, for the petition.

RAMSAY TRAVEL, INCORPORATED, et al., Plaintiffs-Appellees, Cross Appellants, *v.* RALPH W. KONDO, Director of Taxation, Defendant-Appellant, Cross Appellee.

No. 5122

July 5, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., and M. DOI, CIRCUIT JUDGE, FOR KOBAYASHI, J., DISQUALIFIED.

*Per Curiam.* The petition for rehearing is denied without argument.

*Gary L. Wixom (Bortz, Case, Stack, Kay, Cronin & Clause* of counsel) for the petition.

DORATHEA HELENE FLINT, Plaintiff-Appellant *v.* JOHN SHERIDAN MacKENZIE, JAMES HEALANI MacKENZIE, and HAWAIIAN RESORTS, LIMITED, Defendants-Appellees

No. 5085

September 20, 1972

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., and WONG, Circuit Judge, for MARUMOTO, J., disqualified

*Per Curiam:* Appellees, heretofore Lessees, have filed a petition for rehearing in the above entitled matter. They contend, *inter alia,* that Appellant, heretofore Lessor, never moved for summary judgment in her behalf. Section 12-105, HRS, provides that in an appeal from the circuit courts, the supreme court, "upon determination of any appeal, may enter any judgment the circuit court would be authorized to enter."

The question then becomes whether or not the circuit court may enter summary judgment in favor of a nonmoving party. On this point there is a divergence of judicial opinion; however, the great weight of authority answers in the affirmative. 6 Moore, Federal Practice 56.12 at 2242 (2d ed. 1971). Although it may be the better practice to file a cross-motion, we are of the opinion that the proper procedure is for the circuit court to render such relief as may be appropriate for the prevailing party, as required under Rule 54(c), HRCP. Relief should be granted notwithstanding the fact that the party has not filed a demand for such relief.

The purpose of summary judgment under Rule 56 is to expedite matters where "there is no genuine issue as to any material fact." This purpose should not be thwarted because one party has not fulfilled the mechanical proce-

dures normally required. Upon a finding of no genuine issue as to any material fact, the court should enter judgment for that party so entitled as a matter of law. *Employers' Liability Assur. Corp. v. Hartford A & I Co.*, 158 S.E.2d 212 (W. Va. 1967); *Morrissey v. Curren*, 423 F.2d 393 (2d Cir. 1970); *Briscoe v. Compagnie Nationale Air France*, 290 F. Supp. 867 (S.D.N.Y. 1968).

Clearly, the trial court should be allowed to enter summary judgment for the nonmoving party, and pursuant to HRS § 12-105, this court is likewise empowered. In a case involving an appellate court reversing summary judgment for the movant and entering summary judgment for the nonmoving party, Judge Medina said, ". . . [I]t is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been made had the defendant made a cross-motion for summary judgment." *Local 33, Int. Hod Carriers, Etc. v. Mason Tenders, Etc.*, 291 F.2d 496 (2d. Cir. 1961) at 505.

Appellees' petition also raises a question involving two letters which are pertinent to our considerations here. The first letter, dated May 8, 1968, was not presented to the circuit court in its hearing of the Motion for Summary Judgment. Said letter was not argued in the memoranda of either counsel. Appellees in their own motion asserted that there was no genuine issue as to any material fact. Such lack of genuine issue is the only basis upon which summary judgment may be granted. Appellees cannot now come into court and contend that there really was a genuine issue of material fact. The other letter, dated July 22, 1968 (which letter was argued to the lower court), does not recite that it is an attempt to exercise the option to purchase. It, in fact, makes no reference to the option, either directly or indirectly. Additionally, unlike the July 29, 1969 letter, there is no indication that in accordance with the lease, Appellees intended to appoint an appraiser to settle any difference between the parties regarding the proposed purchase price.

Although the letters referred to were not explicitly argued before this court previously, the court has reviewed them

and confirms its opinion that neither letter constituted a bona fide attempt on the part of the Appellees to exercise their option to purchase under the terms of the lease. To remand the case for lower court consideration of these letters, just to have the case reappear here where the conclusion reached by this court must necessarily be the same, would not be judicially expedient.

The petition for rehearing is hereby denied without argument.

*Howard K. Hoddick* and *John A. Hoskins (Anthony Hoddick Reinwald & O'Connor* of counsel) for defendants- appellees, for the petition.

*Joseph A. Ryan* and *Edward Y. N. Kim*, attorneys for plaintiff-appellant, for the motion.